**John E. HODGES, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 14683.**

United States Court of Appeals
District of Columbia Circuit.

Argued May 24, 1960.

Decided July 21, 1960.

Mr. Quinn O'Connell, Washington, D. C., with whom Messrs. Henry B. Weaver, Jr., and Hershel Shanks, Washington, D. C. (all appointed by this court), were on the brief, for appellant.

Mr. Carl W. Belcher, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Louis M. Kaplan, Asst. U. S. Atty. at the time the brief was filed, were on the brief for appellee. Mr. Harold D. Rhynedance, Jr., Asst. U. S. Atty., also entered an appearance for appellee.

Before PRETTYMAN, Chief Judge, and EDGERTON, WILBUR K. MILLER, BAZELON, FAHY, WASHINGTON, DANAHER, BASTIAN, and BURGER, Circuit Judges, sitting en banc.

PER CURIAM.

This is an appeal from a judgment of the District Court, declining to vacate appellant's sentence of imprisonment for crime, under 28 U.S.C. § 2255 (1958), as against appellant's allegation that his conviction was obtained by reason of a coerced confession introduced at his trial. The case was first heard by a division of the court, and the judgment was affirmed on December 30, 1959. Later, appellant filed a petition for rehearing by the division. Reargument was had, before the court *en banc*, on our own motion. A majority of the full court now affirms the judgment of the District Court.

So ordered.

WASHINGTON, Circuit Judge, with whom PRETTYMAN, Chief Judge, and WILBUR K. MILLER, DANAHER, BASTIAN and BURGER, Circuit Judges, join.

 Speaking for a majority of the division which first heard this case, Judge Fahy issued on December 30, 1959, an excellent opinion with which in most respects I am glad to agree. To the extent, however, that that opinion may be said to adopt a theory of "excusable neglect" akin to that later rejected by the Supreme Court in United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed. 2d 259 (1960: direct appeal), I am constrained to disagree with it, as well as with the supplemental opinion Judge Fahy has prepared with respect to the petition for rehearing.

I think it may be well, first of all, to say a word about some of the practical problems presented by petitions under Section 2255, with particular reference to those petitions which seek to challenge the admissibility of confessions. In a substantial portion of the felony cases tried in the United States District Court for the District of Columbia, where trial is had after a plea of not guilty, confessions or admissions made by the accused to the police are offered in evidence by the prosecution. Counsel for the accused

commonly attack such confessions or admissions as coerced, or as the product of illegal detention. Full opportunity is ordinarily given, in a hearing held in the jury's absence, to develop all the circumstances of the accused's arrest, detention, interrogation, and arraignment. Police officers are examined and cross-examined. The accused commonly takes the stand to give his version of the occurrences in question. Counsel urges legal argument on the court. At length, the court decides whether or not to allow the confession to go into evidence before the jury. If the judge decides to do so, his task is not ended. He must, if the case finally goes to the jury, give them proper instructions. And if a verdict of guilty results, he is empowered to set aside the verdict if he is persuaded that it is not supported by the evidence, or is otherwise defective—as, for example, where he concludes that he erred in allowing the confession to be admitted. But, if the verdict is allowed to stand, and sentence in due course follows, there is still the right and privilege of appeal.

All of these safeguards are made available to the accused to protect him from being convicted on the basis of a coerced confession. Failure of the trial judge to give necessary protection to the rights of the accused at any step of this process may be reviewed on appeal—on a record which is fresh in the minds of all concerned. If a new trial is ordered, it can ordinarily be begun without delay. Witnesses are usually still available. But if an appeal is not taken, and the accused files a petition under Section 2255 some months or years later, the situation is very different. The accused—now a prisoner—may not be impressed with the risk of committing perjury in framing his petition. He is frequently advised by a "jail-house lawyer", who may encourage him to embroider his story, or to attack the good faith and diligence of his trial counsel.

The Supreme Court has to face a similar problem, in dealing with *in forma pauperis* petitions for certiorari—now running at the rate of many hundreds a year (772 in 1958). Mr. Justice Douglas says that the "claims made are often fantastic, surpassing credulity. They are for the most part frivolous." [1] He adds that over the past 21 years the rate at which such petitions were granted was less than 4%.[2]

■ The problems faced by the District Court and this court in dealing with petitions under Section 2255 are of like nature. It may be that less than 4% of such petitions ultimately prove meritorious. Yet we must scrutinize all of them with care, not only because it is our duty under the statute but because we are traditionally obligated to give relief in habeas corpus—for which the statute provides at least a partial substitute—in cases where a clear miscarriage of justice has occurred. But, absent a showing of a real miscarriage of justice, I think we must hold to the general rule that the admission of a confession at a plenary trial [3] is not subject to attack under Section 2255 on the ground that the confession was coerced, or was given during a period of illegal detention. Allowing such collateral attacks to be made would permit the reopening of many of the most lengthy and hotly contested criminal trials—at a time when recollections may have dimmed and witnesses may have disappeared.

■ In his petition for rehearing, Hodges says that he did not take a direct appeal from the judgment of conviction because he did not know he had only ten days within which to appeal, and because he was taken to jail after

---

1. Douglas, The Supreme Court and its Case Load, 45 Cornell L.Q. 401 at 407.

2. Id. at 407. Presumably an even smaller percentage represented ultimate success by the petitioner in gaining relief from conviction or punishment.

3. Where no such trial is held, and the accused is convicted on the basis of a coerced plea of guilty, the situation is entirely different: collateral attack is of course available. Thomas v. United States, 1959, 106 U.S.App.D.C. 234, 271 F.2d 500.

being sentenced by the District Court and his counsel had no opportunity to advise him about taking an appeal. Assuming arguendo that this constituted "excusable neglect," [4] it does not extend the time for taking a direct appeal, United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960); *a fortiori* it cannot expand the scope of relief grantable under Section 2255 into that available on direct appeal

■ Of course, if the Government has obstructed the accused in his efforts to take a direct appeal, that is another story. Cf. Dowd v. U. S. ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215 (1951). But mere neglect in taking an appeal—excusable or not—should not open the door to the bringing of collateral attack under Section 2255, in a case where it would not otherwise lie. Such a view would greatly hamper the courts in their task of rendering prompt justice in current cases, and would tend to revive the "intolerable uncertainty and confusion" which the Supreme Court was seeking to end in its decision in United States v. Robinson, supra, at page 230 of 361 U.S., at page 288 of 80 S.Ct. While the concluding footnote in that case reminds the bench and bar that "there are a number of collateral remedies available to redress denial of basic rights," including the remedy under Section 2255, the Supreme Court could hardly have intended by this to undermine its decision in Robinson, or to expand a collateral remedy into a substitute for an appeal, in a case (like the present) where no basic right has been denied, within the principles announced in Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947), and other governing decisions. The scope of relief grantable under Section 2255 or in habeas corpus is not to

be diminished by failure to appeal, but neither is it to be increased.

FAHY, Circuit Judge, with whom EDGERTON and BAZELON, Circuit Judges, join (concurring in part, dissenting in part).

Upon the basis there discussed I adhere to the opinion of the majority of the division rendered December 30, 1959, reprinted as an appendix to this opinion. I accordingly concur in the present per curiam opinion of the court en banc insofar as it approves the opinion of the division. In view of matter presented on the petition for rehearing I would not now affirm, however, but would vacate the denial by the District Court of Hodges' motion under 28 U.S.C. § 2255, and would remand for further proceedings consistently with the views I now express.

The opinion of December 30, 1959, assumed *arguendo* that the conviction was due to a coerced confession. Nevertheless we held the sentence immune to collateral attack notwithstanding decisions of the Supreme Court that a conviction so obtained violates constitutional rights. We so held because Hodges had failed to appeal from his conviction and in his later section 2255 motion had advanced no reason for the failure. The case was not one requiring collateral attack to be entertained to remedy manifest injustice.

In his petition for rehearing Hodges brings to our attention that in earlier proceedings in this court he sought to supplement the record on appeal to show why he had failed to appeal the conviction. The significance of this showing was not urged in briefs and arguments on the hearing which led to the opinion of December 30, 1959, no doubt because

---

**4.** However, this accused's knowledge of the law can hardly be the subject of any meaningful judicial inquiry. As to the alleged lack of opportunity to consult with counsel, the record shows that the verdict of guilty was rendered on April 15, 1957, and that sentencing took place on May 3, 1957. Hodges was repre-

sented at the trial and at sentencing by two attorneys, both apparently retained by him. If either had perceived any substantial basis for an appeal, it is almost incredible that Hodges would not have been so advised prior to May 13, the last day for taking an appeal.

another division of our court had denied the motion to supplement the record.

The papers filed with that motion, and relied upon in the petition for rehearing, include two affidavits, one by Hodges' trial counsel and one by Hodges himself. These state in substance that after he was sentenced Hodges was promptly taken away without opportunity for his counsel to advise him with respect to an appeal, and that he did not know he had only ten days within which to appeal. The sentencing court did not itself advise him of his right to appeal, no doubt mistakenly assuming that counsel would do so. Had Hodges not been represented by counsel the sentencing court, in accordance with the following requirement of Rule 37(a) (2), Fed.R.Crim.P., 18 U.S.C., would have advised him of his right to appeal:

> " * * * When a court after trial imposes sentence upon a defendant not represented by counsel, the defendant shall be advised of his right to appeal and if he so requests, the clerk shall prepare and file forthwith a notice of appeal on behalf of the defendant * * *."

In my opinion appellant is now entitled to an opportunity in the District Court to establish the truth of the allegations of the affidavits and if able to do so I think he would then be entitled to a hearing on his motion under section 2255. Should the District Court, as a result of such a section 2255 hearing, find that the confession was involuntary as matter of law, then the court should set aside the conviction and order a new trial. A transcript of this hearing should be preserved for possible appellate proceedings.[1]

As pointed out in the opinion of December 30, 1959, a conviction due to a coerced confession is due to a violation of a constitutional right and collateral attack is ordinarily available to rectify the error. Failure to appeal a conviction so obtained should not bar relief by collateral attack when the accused did not know he must appeal within ten days and was not advised by court or counsel of his right to appeal.

If the affidavits are true then in all substance Hodges when sentenced was in the same position as one required by Rule 37(a) (2) to be advised by the court of his right to appeal and on request to have the clerk prepare and file a notice of appeal. The difficulties which it is said may be caused by permitting subsequent collateral challenge in such a situation could easily be avoided by the use of the simple procedure set forth in this Rule.

United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259, holds that the filing of a notice of appeal within ten days is a jurisdictional requirement and, therefore, that the time to appeal is not enlarged by a showing of excusable neglect. But it does not follow, and I do not agree, that failure to appeal within ten days bars relief, by motion later filed under section 2255, in respect of every matter which could have been raised by timely direct appeal. The history of habeas corpus and section 2255, as well as the Robinson case itself, is to the contrary. United States v. Robinson, supra, at page 230 of 361 U.S., at page 288 of 80 S.Ct., note 14.[2] We are not here con-

---

1. In the section 2255 proceedings heretofore had the District Court found, after an oral hearing, that the confession made to the Metropolitan Police Department was voluntary, but we are not able to review that finding on appeal because the record of the oral hearing is lost.

2. The Robinson footnote reads as follows: "The allowance of an appeal months or years after expiration of the prescribed time seems unnecessary for the accomplishment of substantial justice, for there are a number of collateral remedies available to redress denial of basic rights. Examples are: The power of a District Court under Rule 35 to correct an illegal sentence at any time, and to reduce a sentence within 60 days after the judgment of conviction becomes final; the power of a District Court to entertain a collateral attack upon a judgment of conviction and to vacate, set aside or correct the sentence under 28 U.S.C. § 2255, 28 U.S.C.A. § 2255, and proceedings by way of writ of error coram nobis."

cerned with an attempt to appeal out of time because of excusable neglect. We are here concerned with a collateral challenge to a sentence. The time limitation for appeal is rigid and jurisdictional, but the scope of review is as broad as the record itself. In contrast, there is no time limitation applicable to a section 2255 motion, but the scope of review is narrow. The motion may be filed "at any time"—though I suppose it would not be entertained, as such, but would be treated as an appeal, if filed during the appeal period of ten days. Its limitation is other than that of time; it brings under review only error of a constitutional, jurisdictional or otherwise fundamental character, such as the admission in evidence of a coerced confession, held by the Supreme Court time and again to violate constitutional rights. See Spano v. People of State of New York, 360 U.S. 315, 79 S.Ct. 1202, 3 L.Ed.2d 1265; Payne v. State of Arkansas, 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975; Leyra v. Denno, 347 U.S. 556, 74 S.Ct. 716, 98 L.Ed. 948; Malinski v. People of State of New York, 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029; Lisenba v. People of State of California, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166. When in our opinion of December 30, 1959, we adhered to a limitation, not contained in section 2255 itself, but deemed to inhere in the orderly administration of justice, namely, that even in case of such fundamental error collateral attack is unavailable when no appeal was taken and no reason appears for failure to appeal, we went as far I think as the courts can possibly go in restricting the availability of review under section 2255. If the accused did not know and was not advised of his appeal rights, the adjudicatory doors opened by Congress in enacting section 2255, like the avenues available under the Great Writ, should not be closed and persons left in prison as a result of violation of their constitutional rights.

In most cases the question of admissibility of a confession is settled by the decision on appeal. We are here concerned, however, with the rarer case of (1) no direct appeal, (2) a later collateral attack, (3) on the basis of a coerced confession, and (4) good reason shown for failure to appeal. When this combination occurs I cannot agree the courts must say to the person imprisoned under a basically invalid sentence that the law affords no remedy because, although he did not know and was not advised of his appeal rights, he should have appealed anyhow. Nothing in the history of the Great Writ or of section 2255 leads me to this answer. Rather, the contrary. Moreover, on the practical aspects of the matter, those under sentence are not likely to think they can gain an advantage by not appealing in time and later resorting to collateral attack. The scope of review is narrow, and time is not on their side.

Congress by section 2255 enacted an enlightened statute to permit at any time the correction of fundamental error which holds a person in prison. As we have seen, a conviction by the use of a coerced confession rests upon fundamental error. The usual way to seek correction is by appealing from the conviction. Failure to take that course precludes collateral attack unless good reason appears for the failure. Good reason does appear when it is established that the accused was not advised by court or counsel of his rights regarding appeal and did not know them, being in the position of one not represented, whom the court is required by Rule 37 to advise. Where constitutional, jurisdictional or otherwise basic rights are involved the courts ought not to fashion stringent rules to prevent adjudication with respect to those rights. Our position is somewhat similar to that of the Court of Appeals for the Fifth Circuit recently announced in an opinion by Judge Wisdom in Larson v. United States, 275 F.2d 673. There, while agreeing that collateral attack is ordinarily not available when an appeal has not been taken from the judgment of conviction, the court adds the qualification that "the record indicates a conscious election not to appeal." 275 F.2d at page 679.

## Appendix

The opinion of December 30, 1959, referred to in the opinions of Judge Washington and Judge Fahy, together with Judge Miller's concurring statement, is as follows:

Before EDGERTON, WILBUR K. MILLER and FAHY, Circuit Judges.

FAHY, Circuit Judge.

Appellant was convicted of robbery April 15, 1957. The principal evidence was a confession he had signed. Counsel represented him and no question is raised as to the adequacy of his assistance. Appellant took no appeal. Three months later he filed a motion under 28 U.S.C. § 2255 (1958) to vacate the sentence imposed as a result of his conviction. The motion contained allegations as to the manner in which the confession was obtained which, if true, would have rendered the confession inadmissible because the result of coercion. The motion was denied. Preparation of an appeal from this denial disclosed that the notes of the court reporter covering the hearing on the section 2255 motion could not be found. Appellant accordingly moved in this court to remand for a new section 2255 hearing. We denied this motion but ordered preparation of the transcript of the proceedings of the trial itself as a supplemental record on the appeal. This transcript is now before us and shows that at the trial the question of the admissibility of the confession was first the subject of a hearing outside the presence of the jury. On the basis of evidence thus adduced as to the manner in which the confession was obtained the court ruled it admissible, subject to the jury's duty to reject it should they find that it was involuntary. The evidence respecting the obtaining of the confession was then adduced before the jury itself. Under instructions as to which no question is raised the jury convicted appellant, concluding, as we assume, that the confession was voluntary.

Appellant contends that the evidence as to the manner in which the confession was obtained shows as a matter of law that the confession was coerced and consequently that he is entitled to have his sentence set aside on this collateral attack under section 2255, notwithstanding no appeal was taken from the judgment of conviction. We assume *arguendo*, without ruling on the question, that the confession was involuntary as a matter of law.

■ The Supreme Court has held several times that in state court trials the use of a coerced confession violates the rights of the accused protected by the Fourteenth Amendment, and there can be no question that the use of such a confession to convict in a federal trial offends the Fifth Amendment. In Leyra v. Denno, 347 U.S. 556, 74 S.Ct. 716, 98 L.Ed. 948, a state conviction obtained in such circumstances was set aside in federal habeas corpus proceedings initiated subsequently to final state action sustaining the conviction. Other convictions so obtained, reviewed and reversed by the Supreme Court on writ of certiorari to or on appeal from the highest state court, rather than in habeas corpus proceedings as in Leyra, also have been characterized as violative of the Fourteenth Amendment. Spano v. People of State of New York, 360 U.S. 315, 79 S.Ct. 1202, 3 L.Ed.2d 1265; Payne v. State of Arkansas, 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975; Malinski v. People of State of New York, 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029; Lisenba v. People of State of California, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166. A feature of each of these cases, however, including Leyra, is that the trial was in a state court and had been reviewed on appeal by the highest court of the state without correction of the erroneous admission of the confession.

Section 2255 is in terms applicable to a motion to vacate a sentence by a federal court upon the ground that it was "imposed in violation of the Constitution or laws of the United States," but the constitutional ground is phrased in the third paragraph of the section as "such a denial or infringement of the consti-

tutional rights of the prisoner as to render the judgment vulnerable to collateral attack." Moreover, no distinction is made in the language of the section between violation of the "Constitution" and violation of "laws of the United States," thus seeming to expose a conviction on either ground to collateral attack in like procedural circumstances. And we have found no case in which collateral review by motion under section 2255 or by habeas corpus has been had of a conviction in a District Court of the United States on the basis of a coerced confession followed by no appeal to a United States Court of Appeals;[1] although the Supreme Court, in addition to cases above referred to, has said on other occasions that collateral attack is available to set aside a sentence resting upon any infringement of a constitutional right. In Bowen v. Johnston, 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 455, where, however, the question was one of jurisdiction of the trial court, the Court said that if it were found that the court had no jurisdiction "or that in its proceedings * * * constitutional rights have been denied, the remedy of *habeas corpus* is available." 306 U.S. at page 24, 59 S. Ct. at page 444. And the opinion in Sunal v. Large, 332 U.S. 174, 182, 67 S.Ct. 1588, 1593, 91 L.Ed. 1982, infers that habeas corpus is available where the error trenches "on any constitutional rights of defendants" or involves "the jurisdiction of the trial court," the Court there holding, however, that the alleged error, not deemed of a constitutional or jurisdictional character, was for review on direct appeal and not by habeas corpus. And see Darr v. Burford, 339 U. S. 200, 206, 70 S.Ct. 587, 94 L.Ed. 761.

It would seem clear that a failure to appeal from a conviction does not always save it from collateral attack on a constitutional ground, or indeed on other ground where the court is convinced justice requires a remedy, though sought collaterally.[2] In other words the Great Writ, and section 2255, are not to be imprisoned within an ironclad rule stated in terms of collateral relief not being a substitute for an appeal.[3] In our treatment of the subject in Smith v. United States, 88 U.S.App.D.C. 80, 187 F.2d 192, certiorari denied, 341 U.S. 927, 71 S.Ct. 792, 95 L.Ed. 1358, however, we held that where the violation of constitutional right is in the admission of evidence the error ordinarily must be corrected by direct appeal:

> "Such admission alone does not result in the denial of a constitutional guaranty so long as the error is subject to correction on appeal and there is no indication of any deterrent to appeal, such as lack of counsel. Accordingly, in such circumstances the method of correction must be direct, not collateral."

88 U.S.App.D.C. at page 85, 187 F.2d at page 197. And see Adams v. United States, 95 U.S.App.D.C. 354, 222 F.2d 45. Our problem now is whether this position should be abandoned.[4]

In the coerced confession cases the Supreme Court has required the prisoner first to exhaust his state remedies, in-

---

1. Cf. Thomas v. United States, 106 U.S. App.D.C. 234, 271 F.2d 500, in which a coerced plea of guilty was held subject to collateral attack by motion in the nature of coram nobis.

2. See discussion of the problem in the separate dissenting opinions of Mr. Justice Frankfurter and Mr. Justice Rutledge in Sunal.

3. "The rule requiring resort to appellate procedure when the trial court has determined its own jurisdiction of an offense is not a rule denying the power to issue a writ of *habeas corpus* when it appears that nevertheless the trial court was without jurisdiction. The rule is not one defining power but one which relates to the appropriate exercise of power. * * * [T]he rule is not so inflexible that it may not yield to exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent." Bowen v. Johnston, 306 U.S. at pages 26–27, 59 S.Ct. at page 446.

4. We noted in Smith that the uniform course of decisions in the Circuit Courts conformed with our disposition of that case.

cluding all appellate remedies, before applying to a federal court for a writ of habeas corpus. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761. Darr was based on 28 U.S.C. § 2254 (1958) which for prisoners in custody pursuant to the judgment of a state court is the counterpart of section 2255 for persons under federal sentence.[5] Principally on grounds of comity Darr construed section 2254 to necessitate a petition for certiorari to the Supreme Court where there has been a denial of relief by the highest court of the state, before the federal District Court could entertain a petition for writ of habeas corpus, absent exceptional circumstances.

Although section 2255 contains no provision for exhaustion of federal appellate remedies before a collateral attack upon a federal sentence may be sustained, the orderly administration of criminal law by the federal courts, of somewhat comparable rank with comity, is involved in such an attack when no appeal has been prosecuted from the judgment of conviction and no reason advanced for the omission to appeal. We remain of the view that the right of appeal may not be abandoned and resort had to section 2255 whenever the conviction rests on evidence admitted at the trial in violation of a constitutionally protected right. Otherwise the appellate process to cure error in the admission of evidence would be *pro tanto* atrophied. One under sentence by a federal court in such a case could simply ignore his right of appeal and resort to section 2255 at any time, and if he could do this for violation of the "Constitution" he could do the same for violation of the "laws of the United States," for these are bracketed on an equal footing in the context of section 2255. Yet that section is not an enlargement of the area of collateral attack theretofore available by habeas corpus; that is to say, the constitutional ground referred to in section 2255 remains one arising only in such circumstances as to be assertible collaterally rather than directly,[6] as is the case when the ground asserted is a violation of the "laws of the United States."

We are therefore constrained in the present status of Supreme Court decisions to hold that in this case collateral attack is not available in the complete absence of any attempt to excuse the failure to appeal, and in the absence also of a showing that collateral remedy is required in order to avoid manifest injustice. We add these qualifications in deference to the flexibility to be accorded section 2255 consistently with the purpose and tradition of the Great Writ, of which section 2255 is a complement. See Darr v. Burford, 339 U.S. 200, 219, 70 S.Ct. 587, 94 L.Ed. 761 (dissenting opinion of Mr. Justice Frankfurter).

No reason is advanced by appellant for his failure to appeal from the judgment of conviction, and the facts of the case do not lead us to hold that, nevertheless, justice requires that appellant should be granted relief.

Affirmed.

WILBUR K. MILLER, Circuit Judge, concurs in the result but not in the opinion.

5. Section 2254 expressly provides that a writ of habeas corpus will not issue "unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."

6. Thus the third paragraph of section 2255, as we have indicated, states: "If the court finds that * * * there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack," the prisoner is entitled to relief.