Virgil V. LAMPE, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 15383.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 16, 1960.

Decided March 9, 1961.

Fahy, Edgerton and Bazelon, Circuit Judges, dissented.

Mr. Monroe H. Freedman, Washington, D. C., with whom Mr. Alvin L. Newmyer, Jr., Washington, D. C., was on the brief, (both appointed by this court) for appellant.

Mr. Carl W. Belcher, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Arnold T. Aikens, Asst. U. S. Atty., were on the brief, for appellee.

Before WILBUR K. MILLER, Chief Judge, and EDGERTON, PRETTYMAN, BAZELON, FAHY, WASHINGTON, DANAHER, BASTIAN and BURGER, Circuit Judges sitting *en banc.*

WASHINGTON, Circuit Judge, with whom WILBUR K. MILLER, Chief Judge, and PRETTYMAN, DANAHER, BASTIAN and BURGER, Circuit Judges, concur.

Lampe was convicted of second degree murder, and on appeal we affirmed the judgment. Lampe v. United States, 1956, 97 U.S.App.D.C. 160, 229 F.2d 43. Later, Lampe filed a series of motions to vacate his sentence, under Section 2255 of Title 28 U.S.C. The District Court, in denying the third of these motions, allowed an appeal in forma pauperis. We appointed counsel, who urged a ground not contained in the petition before the District Court, namely, that a confession by Lampe introduced at his trial "was not the product of any meaningful act of volition." See Blackburn v. State of Alabama, 1960, 361 U.S. 199, 211, 80 S.Ct. 274, 282, 4 L.Ed.2d 242. A panel of this court, by judgment entered May 12, 1960, affirmed the action of the District Court. A rehearing en banc was thereafter ordered.

In the first place, since the petition before the District Court did

not raise the point on which counsel now relies, it cannot be raised on appeal. Plummer v. United States, 1958, 104 U.S.App.D.C. 211, 260 F.2d 729. In the second place, the point now at issue was urged at Lampe's trial, was fully explored there, and was decided against him. Lampe took a direct appeal following his conviction, and was represented here by two able court-appointed counsel. In an opinion written for a unanimous division, we said, among other things:

"Lampe's counsel objected [at the trial] to the admission of the confession 'on the ground that the man was incompetent to dictate it.' Thereupon the court heard evidence on that subject in the absence of the jury, after which the jury was recalled and heard six witnesses as to Lampe's condition when he confessed. The trial judge carefully charged the jury to decide for itself whether the confession was voluntary, not only as to Lampe's competency to make it, but also in all respects. The appellant did not argue here that his confession was erroneously received." Lampe v. United States, supra, 97 U.S.App. D.C. at page 162, 229 F.2d at page 45.

Lampe thus received a full hearing at his trial on the issue of his competency to confess, and the voluntariness of his confession. He had "full opportunity to attack on his trial the evidence now challenged and to appeal on the basis of its erroneous admission if he so desired," Smith v. United States, 1950, 88 U.S.App.D.C. 80, at page 86, 187 F.2d 192, at page 198, certiorari denied, 1951, 341 U.S. 927, 71 S.Ct. 792, 95 L.Ed. 1358. He made such an attack at the trial, but did not renew it on appeal. Nevertheless, this court on appeal did notice (as we have seen) the objection made at trial.

■ Jordan v. United States, 352 U.S. 904, 77 S.Ct. 151, 1 L.Ed.2d 114, reversing 1956, 98 U.S.App.D.C. 160, 233 F.2d 362, is not relevant here. Our opinion there recognized that the contention that the accused had not received a speedy trial might in an extreme case be raised in a Section 2255 proceeding, even though it had not been raised at trial or on appeal from the conviction. But we did not regard Jordan's situation as being so extreme as to point to the setting aside of the conviction, or to require a hearing. The Supreme Court, evidently regarding the facts there raised as being sufficiently exceptional to require an evidentiary hearing, vacated our judgment, without opinion, and remanded the case to the District Court for such a hearing. The Supreme Court's decision is not by any means to be regarded as a holding that where (as in the instant case) a point has been raised at trial, and there fully explored, but abandoned on appeal, the accused is entitled to raise the same point again in a Section 2255 proceeding, and obtain an evidentiary hearing. Such a view is simply not consistent with the orderly administration of justice. The instant case and Jordan's are poles apart. Lampe had a full hearing, at his trial, on the point now urged collaterally. Jordan did not.

It has always been the custom of this court "in cases of serious criminal offenses, to check carefully the record for error prejudicial to defendant which he did not urge," either at the trial or in this court. See Williams v. United States, 1942, 76 U.S.App.D.C. 299, 300, 131 F.2d 21, 22; Tatum v. United States, 1951, 88 U.S.App.D.C. 386, 388, 190 F.2d 612, 614, and cases there cited. The detailed opinion of the division in Lampe's direct appeal shows that the entire record of the trial was scrutinized with care, in accordance with our practice, and found to be free of reversible error. Under the decision in Smith, the admission of the confession cannot now be challenged.

The order of the District Court will be

Affirmed.

FAHY, Circuit Judge, with whom EDGERTON and BAZELON, Circuit Judges, join (dissenting).

The opinion of the court says: "Since the petition before the District Court did not raise the point on which counsel now relies, it cannot be raised on appeal. Plummer v. United States, 1958, 104 U.S.App.D.C. 211, 260 F.2d 729." But in Plummer the District Judge had been "unaware of any such claim" as the appellant sought to assert in this court on his appeal from denial of a motion to vacate sentence under 28 U.S.C. § 2255. Ibid. In Plummer, therefore, a divided court held that orderly procedure required a new motion in order that the District Court might have an opportunity to pass upon the appellant's claim. But Lampe repeatedly asserted in the District Court his claim that a confession used in evidence at his trial was not the product of a meaningful act of volition. He asserted this claim in the trial itself, though he did not urge it on appeal from his conviction. He also asserted it in motions for relief under section 2255, though not in the particular motion the denial of which is now here on appeal. It would serve no useful purpose to postpone ultimate decision in order that what has already been presented several times to the District Court may be presented to it once more.

We would reverse the order of the District Court of August 3, 1959, which denied without a hearing appellant's motion under 28 U.S.C. § 2255. We think appellant should be given an opportunity to prove if he can that the confession used at his trial was made when he was so affected by drink that it was not admissible in evidence because he was incompetent to make it.

In Jordan v. United States, 352 U.S. 904, 77 S.Ct. 151, 1 L.Ed.2d 114, this court had ruled against Jordan's right collaterally to attack his conviction on a ground which he had failed to raise on his earlier appeal from the conviction. 98 U.S.App.D.C. 160, 233 F.2d 362. The Supreme Court reversed this court. The present case arises in similar circumstances.

In Smith v. United States, 88 U.S. App.D.C. 80, 187 F.2d 192, certiorari denied, 341 U.S. 927, 71 S.Ct. 792, 95 L.Ed. 1358, we held that error in admitting a confession was not to be corrected on collateral attack where direct attack had not been prevented by lack of representation by counsel, but the opinion recognizes that exceptional circumstances may open such a conviction to collateral attack. Under neither the previous nor later decisions does lack of counsel preempt the possibilities of exceptional circumstances. We think exceptional circumstances are present in our case.

Hodges v. United States, as decided on rehearing en banc, 108 U.S.App.D.C. 375, 282 F.2d 858, 865, certiorari granted, 81 S.Ct. 702, 5 L.Ed.2d 690, appears to us not to be consistent with Smith. Hodges was denied the opportunity to prove that his failure to appeal was due to the absence of representation by counsel after sentence, coupled with ignorance of his appeal rights. And as was pointed out by Judge Edgerton, Judge Bazelon and myself in Hodges,

"It would seem clear that a failure to appeal from a conviction does not always save it from collateral attack on a constitutional ground, or indeed on other ground where the court is convinced justice requires a remedy, though sought collaterally. [2] In other words the Great Writ, and section 2255, are not to be imprisoned within an ironclad rule stated in terms of collateral relief not being a substitute for an appeal. [3]"

108 U.S.App.D.C. at page 382, 282 F.2d at page 865.

In support we referred to Bowen v. Johnston, 306 U.S. 19, 26–27, 59 S.Ct. 442, 446, 83 L.Ed. 455, quoting as follows:

"The rule requiring resort to appellate procedure when the trial court has determined its own juris-

diction of an offense is not a rule denying the power to issue a writ of *habeas corpus* when it appears that nevertheless the trial court was without jurisdiction. The rule is not one defining power but one which relates to the appropriate exercise of power * * *. [T]he rule is not so inflexible that it may not yield to exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent."

We think similar principles should govern our case, in which an appeal had been taken but the issue of the confession had not been presented and was not decided on the appeal.

In Askins v. United States, 102 U.S. App.D.C. 198, 251 F.2d 909, the fatal error could have been but had not been raised on the appeal from the conviction, yet subsequent remedy under section 2255 was permitted.

It is clear from these precedents that the right to collateral attack is by no means governed by whether or not an appeal was taken from the conviction. And the principles derived from the cases permit such attack where an appeal was taken but the particular problem, later the subject of a section 2255 motion, was not presented for decision, provided the problem is one concerning the fundamental fairness of the trial or in some manner involves a basic right. In other words, the failure of an accused to abide by the usual procedure for the correction of error does not deprive the court of the power under section 2255 to vacate a sentence due to fundamental error or to correct manifest injustice.

The only inflexible limitation to collateral attack, as the language of section 2255 itself demonstrates, is that it must relate to a basic infirmity in the conviction or sentence. A discretion, soundly exercised so as to prevent a breakdown in the ordinary processes of the law, resides in the court under this section, as under the Great Writ, to probe the question whether a person is imprisoned as the result of violation of a basic or fundamental right. See Sunal v. Large, 332 U.S. 174, 184–193, 67 S.Ct. 1588, 91 L.Ed. 1982, separate dissenting opinions of Mr. Justice Frankfurter and Mr. Justice Rutledge. In the language of Mr. Justice Frankfurter,

"Perhaps it is well that a writ the historic purpose of which is to furnish 'a swift and imperative remedy in all cases of illegal restraint,' see Lord Birkenhead, L. C., Secretary of State for Home Affairs v. O'Brien, [1923] A.C. 603, 609, should be left fluid and free from the definiteness appropriate to ordinary jurisdictional doctrines." 332 U.S. at page 187, 67 S.Ct. at page 1595.

A court ordinarily is bound by what has been decided but, particularly in this area, it is not bound by what has not been decided.

In the present case there is a very substantial factual issue—by no means a "cooked up" or illusory one—whether the confession of appellant was the result of his drink-sotted condition. The circumstances, in other words, are quite exceptional and the issue is of a basic character within the compass of section 2255. As in Jordan and Askins it arises now because, for whatever reason, it was not settled earlier. Since it is a basic matter affecting the validity of the conviction, section 2255 does not provide that the appeal which did not raise it—which indeed seems to have abandoned it—forecloses its determination. The fact that a hearing was held in the trial court on the admissibility of the confession is not decisive against the availability of collateral attack. See Leyra v. Denno, 347 U.S. 556, 74 S.Ct. 716, 98 L.Ed. 948. There has never been any appellate determination of the voluntary or competent character of the confession. On Lampe's appeal from his conviction we decided nothing with reference to the question now raised except that it was not presented to us. 97 U.S.App.D.C. 160, 162, 229 F.2d 43, 45.

We do not question that Lampe was represented at earlier stages of his case by able counsel, though other able counsel now take a different view of certain aspects of the proceedings. We must deal with the merits of the matter as it is presented to us now. We are conscious of the importance of ending controversy but also of the importance of the end being a just one, a result which section 2255 and the Great Writ are designed to achieve. The strong indications that Lampe's confession in this outré case was the product of a mind debilitated by drink confront us with such exceptional circumstances as in our view to require the District Court to hold a hearing to examine the facts as well as can be done at this time, and to make findings with respect to the facts. The judgment of conviction in the meantime would remain in effect, and the uncertainty as to the validity of the conviction would be settled one way or the other.