Henry Franklin BORUFF, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19612.

United States Court of Appeals
Fifth Circuit.

Dec. 5, 1962.

Johnson, District Judge, dissented.

William H. Izlar, Jr., Robert L. Steed, Atlanta, Ga., for appellant.

William A. Davis, Jr., Asst. U. S. Atty., Sampson M. Culpepper, Asst. U. S. Atty., Macon, Ga., for appellee.

Before TUTTLE, Chief Judge, BROWN, Circuit Judge, and JOHNSON, District Judge.

TUTTLE, Chief Judge.

The appellant here is met at the threshold of his appeal from a conviction and sentence with the very serious question whether this Court has jurisdiction of this appeal. This question arises from the undisputed fact in the record that no notice of appeal was filed within ten days following the November 22nd order of the trial judge sentencing appellant to serve a term of 2½ years following his conviction of the crime of committing fraud by wire, 18 U.S.C.A. § 1343.

Essential to a consideration of the Government's motion to dismiss the appeal for failure to comply with the requirements of Rule 37(a) (2) that a notice of appeal must be filed within ten days, are the following facts: Appellant was represented by appointed counsel. It is not disputed that counsel adequately and competently represented the appellant during the trial of his case, or that he appeared and stood with him in court when appellant was sentenced. Nor, do we think it can be disputed, based largely upon the order subsequently entered by the trial court authorizing Boruff to appeal in forma pauperis, that counsel considered he had fully performed his duty after sentence was pronounced, and that he did not advise Boruff of his right to appeal and to his right to have counsel appointed for him for the prosecution of such an appeal if he elected to proceed. It is also clear from the Court's order that the Court itself did not advise Boruff of his right to appeal, or of his right to have counsel represent him if he should choose to do so.

The appellant, having informally attempted to obtain assistance from the trial court and from members of this Court by his own efforts, and without the aid of counsel, the trial court considered it appropriate approximately four months after the date of the sentencing to enter the following order:

"It appearing that appellant was, on November 21, 1961, by a jury convicted of the offense of 'obtaining money through fraudulent communications by telegraph' (18 U.S.C. 1343), and was, on November 22, 1961, sentenced to the custody of the Attorney General for two and one-half years, and that he now probably contends that he was excused from the 10 day requirement for taking an appeal (Fed.R.Crim.P. 37(a) (2)) by reason of the fact that his court appointed counsel, although with him and representing him both during the trial and at the time of sentence, did not advise him of his right to an appeal, and by reason of the fact that under said circumstances the court did not advise him of his right to appeal so that if he so requested the Clerk might prepare and file a notice of appeal on his behalf, Fed.R.Crim.P. 37(a) (2),

"And it appearing further that on March 20, 1962 appellant filed with the Clerk of this Court a four-page document over his signature captioned in this cause and entitled 'Appeal' reciting, among other things, that he 'has filed this appeal all by his self in his own words and prays this court will give him justice and set him free of all charges'; and containing this allegation: 'The defendant Boruff ask his court appointed attorney if he could appeal his case and the court appointed attorney ask the defendant Boruff how he would pay for an attorney if he, the defendant Boruff, could not pay this attorney fee.'

"And it appearing further that with respect to what transpired between appellant and his court ap-

pointed counsel in regard to discussion of appeal, said counsel wrote this court on February 10, 1962 as follows:

" 'In response to your letter of February 9th, I don't remember discussing with Mr. Boruff the question of appeal. I feel almost sure that he said nothing to me about desiring to appeal the verdict and I am equally sure that I did not encourage any appeal. I am not absolutely sure, but to the best of my knowledge there was no discussion regarding an appeal.

" 'I am absolutely sure that I did not tell him that the case would be reversed if appealed but that such would not be taken without a fee.'

"And it appearing further that appellant's said appeal is supported by his affidavit that he has no means with which to pay for counsel or legal papers pertaining to his case,

"Now, therefore, without expressing or intimating any opinion with respect to the timeliness of this appeal and being of the view that this is a question for determination by the Court of Appeals, it is ORDERED that appellant be and he hereby is permitted to prosecute his appeal in this action to conclusion without pre-payment of fees or costs or giving security therefor, and any costs of printing and preparation of transcripts required shall be borne by the United States of America.

"IT IS FURTHER ORDERED that the official reporter for this district transcribe and furnish for use in this appeal the original and one (1) copy of the proceedings had in the trial of the above stated case at Thomasville, Georgia, November 20, 21, and 22, 1961, payment to be made by the United States for the original only in accordance with Title 28, U.S.C.A. § 753.

"This 30th day of March, 1962.

"(s) W. A. BOOTLE
UNITED STATES
DISTRICT JUDGE"

Rule 37(a) (2), which provides for the time for taking the appeal in a criminal case within ten days after the entry of the judgment appealed from provides:

"When a court after trial imposes sentence upon a defendant not represented by counsel, the defendant shall be advised of his right to appeal and if he so requests, the clerk shall prepare and file forthwith a notice of appeal on behalf of the defendant."

It is the appellant's contention that within the intendment of the language of this section he was truly "a defendant not represented by counsel," either because of the failure of counsel to advise him of his right to appeal, or because of the fact that he had no counsel for at least a major part of the ten day period during which, under the appropriate rules, he could effectively exercise his determination to appeal his conviction. He says, therefore, that it became the duty of the Court to advise him of his right to appeal, whereupon the Clerk would have been required to prepare and file forthwith the notice of appeal on his behalf. He argues that the failure of the Court under such circumstances to provide counsel who would advise Boruff of his right, or in default of this to advise him itself of his right to appeal, prevented the running of the ten day period until such affirmative obligation was complied with. This, appellant contends, was complied with when the trial court entered its order of March 30th above set out.

The Court is faced with several basic considerations which bear upon the contentions of the parties here. Undoubtedly the first and foremost, because it goes to the very foundation of our system of justice, is the proposition that unless an accused has intelligently and effectively waived the right to counsel, the Sixth Amendment "stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty." Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461. The second is equally a part of our basic constitutional concept of justice—it is

that the right to counsel extends through the exercise by him of his right to appeal. See Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593. A further important principle applicable here is that direct appeals are the proper means of seeking to set aside errors of law committed by the trial court. Normally a motion under 28 U.S.C.A. § 2255, is not available to correct mere errors of law. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982, Larson v. United States, 5 Cir., 275 F.2d 673. These three propositions, it seems, are persuasive of the correctness of appellant's contention that the Court should, if it may properly do so, construe the terms of Rule 37(a) (2) in such manner as to require that until an accused person who is not represented by counsel of his own choosing has actually been "advised of his right to appeal" there still remains something to be done before the statutory [1] ten-day period begins to run.

Equally clear legal propositions argue against such construction. The first of these is that the ten day period for perfecting an appeal is jurisdictional and cannot be extended by the courts. United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259. A further proposition is also stated in the Robinson case to the effect that even though the trial court finds as a matter of fact that a failure to file a notice of appeal within ten days is due to "excusable neglect," this fact cannot result in permitting the successful prosecution of an appeal filed after the expiration of the ten-day period. Also, appellant is here faced with the generally accepted principle that the failure of the trial court to appoint counsel, unless such appointment is intelligently and effectively waived, is such a clear violation of a constitutional right that such a failure can be reached by motion under Section 2255.

We think that the positive mandate contained in Rule 37(a) (2) that "[w]hen a court after trial imposes sentence upon a defendant not represented by counsel, the defendant *shall be advised of his right to appeal*," coupled with Rule 44 of the Rules, "[i]f the defendant appears in court without counsel, the court shall advise him of his right to counsel and assign counsel to represent him *at every stage of the proceeding* unless he elects to proceed without counsel or is able to obtain counsel," compels the conclusion that Congress sought to protect against the very deprivation of a constitutional right that is threatened, whether through inadvertence, or lack of understanding of counsel of his full obligation under the appointment of the court.

The ten day period during which a convicted person has a right to file notice of appeal may be long enough under ordinary circumstances, but no one can gainsay the fact that it is a very short time, and would be an utterly unrealistically short time, for a person who was not guided during every moment of the ten days by the advice of counsel. We think that the obligation of the trial court under Rule 44 is to see that counsel appointed to assist an accused during the trial includes the obligation to advise him with respect to his rights during the ten day period within which the final proceedings in the district court may be taken by him to assure him of his right to appeal. We think also that it is not an unwarranted construction of the language of Rule 37(a) (2) to construe the words "defendant not represented by counsel" to mean a "defendant not represented by counsel during the ten day period" after which his failure to file a notice of appeal would forever bar such right. We conclude, therefore, that the ten day period within which Boruff was required to file his notice of appeal did not commence to run until he was actual-

---

1. Although the ten day rule appears by Supreme Court rule, it is authorized by Title 18 U.S.C.A. 3772, which gives to the Supreme Court of the United States the power to prescribe rules of practice and procedure in criminal cases, and states that "the rules made as herein authorized may prescibe the times for and manner of taking appeals * * *."

ly notified of his right to appeal and his right to have counsel to assist him, under the peculiar facts of this case.

The contention made by the United States that if Boruff was denied a constitutional right on account of his failure to have counsel represent him during the ten day period, then this should be considered only as the basis for the bringing of a motion under Section 2255 really puts the cart before the horse. What Boruff seeks here is a review of alleged errors of law upon trial of the case. The only constitutional lack alleged by him is the failure of the court to advise him of his right to appeal and to have counsel if he elected to do so. There is no such constitutional lack as existed in Johnson v. Zerbst, supra, by reason of the failure of the trial court to appoint counsel for him during the trial itself. This is a typical case for an appeal on the merits because of errors of law occurring at the trial—not a case for setting aside a conviction made void by appellant's having been denied a constitutional right.

Turning now to the merits of the appeal, it is readily apparent why appellant urges so strenuously his right to present his case to this Court. It was apparent from the motion made by counsel for appellant at the outset of the trial that there was a serious question as to the venue of the alleged crime in the Middle District of Georgia. The indictment charged a device and scheme to defraud a Mrs. Wagoner, of Charlotte, Michigan, and to obtain money by means of fraudulent pretenses from her in that the appellant and a woman companion, Mrs. McDaniels, called Mrs. Wagoner by long distance telephone from Atlanta, Georgia, and told her that her husband's car had broken down about forty miles from Atlanta, and that the husband needed $100 to have the car repaired. Mrs. Wagoner was requested to telegraph the sum of money to the purported caller's wife, Mrs. McDaniels. It is alleged that the sum of $125 was sent by Mrs. Wagoner by Western Union telegraph from Charlotte, Michigan, to Atlanta, and "said

sum was then subsequently forwarded from Atlanta, Georgia, to Thomasville, Georgia, via Western Union telegraph at the request of the said Henry Boruff, and said sum was received by said Margaret V. McDaniels and Henry Franklin Boruff via Western Union Telegraph in Thomasville, Georgia." The city of Atlanta is in the Northern District of the state of Georgia, whereas Thomasville is in the Middle District.

Upon the trial of the case, it is clear that the evidence was susceptible of only one determination as to the facts respecting the transmission of the telegrams. Mrs. Wagoner telegraphed $125 to Mrs. McDaniels on a "Will Call" basis at Atlanta, Georgia, on January 8th. Subsequently on the following day, at the request of someone not identified in the record, the money was telegraphed from Atlanta, Georgia to Thomasville, Georgia. Of course, it is inaccurate to say the "money was telegraphed" since it must be understood that all that is done is that authority is telegraphed from one point to another authorizing the office at point of delivery to pay out the sum of $125. The record discloses that the transmission from Michigan to Atlanta was paid for by the sender, Mrs. Wagoner. It is also clear from the record that the transmission from Atlanta to Thomasville was paid for by Boruff, who made the payment to the Thomasville office. The testimony, such as it is, is clear that neither Mrs. Wagoner intended to address a message to Thomasville, Georgia, nor did Boruff intend to receive a message at Thomasville, Georgia, until after the transmission of the funds from Michigan to Atlanta had been completed.

 The trial court submitted to the jury the issue whether venue was properly laid in the Thomasville Division of the Middle District of Georgia. We conclude that in submitting this issue to the jury the distinguished trial court erred, since, upon the undisputed facts, it is clear that there were two telegraphic transmissions, the first of which, the only interstate transmission, was com-

pleted upon receipt of the message in the Atlanta office of Western Union Company. Of course, in order to come within the prohibition of Title 18 U.S.C.A. § 1343, there must be an interstate transmission. Also, 18 U.S.C.A. § 3237 provides that "[a]ny offense involving the use of the mails, or transportation in interstate or foreign commerce, is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce or mail matter moves." Here, however, as appellant points out, when the interstate message ceased to be an electrical signal at Atlanta, and took on tangible form there, it can hardly be said that it could thereafter reassume its interstate character, when on the following day, at the request of someone within the state of Georgia, the forwarding message was sent from Atlanta, Georgia, to Thomasville, within the same state. See Wentz v. United States, 9 Cir., 244 F.2d 172, cert. denied 355 U.S. 806, 78 S.Ct. 49, 2 L.Ed.2d 50. There was no venue in the Middle District of Georgia.

The Court is indebted to appointed counsel for the efforts they have expended at the request of the Court to represent the appellant in this appeal.

The judgment is reversed and the case is remanded to the trial court for the entry of a judgment of acquittal. In view of the fact that the appellant has already served eleven months of his sentence it is ordered that the judgment as mandate issue forthwith.

JOHNSON, District Judge (dissenting).

In this case, the majority has held that the ten-day period for appeal after conviction in a criminal case, as provided by Rule 37(a) (2) of the Federal Rules of Criminal Procedure, does not commence to run in those instances where the defendant being sentenced is not represented by counsel until the sentencing judge advises that defendant of his right to appeal and if he so requests, the preparation and filing in his behalf of a notice of appeal. I believe the law is settled to the contrary. The Supreme Court of the United States recently had occasion to consider whether the time limit prescribed for taking an appeal [as provided by Rule 37(a) (2)] could be enlarged by either the District Court or the Court of Appeals. In United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960), Mr. Justice Whittaker, delivering the opinion of the Court, stated:

"On its face, Rule 45(b) appears to be quite plain and clear. It specifically says that 'the court may not enlarge * * * the period for taking an appeal.' We think that to recognize a late notice of appeal is actually to 'enlarge' the period for taking an appeal. Giving the words of 45(b) their plain meaning, it would seem that the conclusion of the Court of Appeals is in direct conflict with that Rule. No authority was cited by the Court of Appeals in support of its conclusion, nor is any supporting authority cited by respondents here. The Government insists, it appears correctly, that there is no case that supports the Court of Appeals' conclusion. Every other decision to which we have been cited, and that we have found, holds that the filing of a notice of appeal within the 10-day period prescribed by Rule 37(a) (2) is mandatory and jurisdictional.

"It is quite significant that Rule 45(b) not only prohibits the court from enlarging the period for taking an appeal, but, by the same language in the same sentence, also prohibits enlargement of the period for taking any action under Rules 33, 34 and 35, except as provided in those Rules. That language is: ' * * * but the court may not enlarge the period for taking any action under Rules 33, 34 and 35, except as otherwise provided in those Rules, or the

period for taking an appeal.' If, as the Court of Appeals has held, the delayed filing of a notice of appeal—found to have resulted from 'excusable neglect'—is sufficient to confer jurisdiction of the appeal, it would consistently follow that a District Court may, upon a like finding, permit delayed filing of a motion for new trial under Rule 33, of a motion in arrest of judgment under Rule 34, and the reduction of sentence under Rule 35, at any time—months or even years—after expiration of the periods specifically prescribed in those Rules."

\* \* \* \* \* \*

"Rule 45(b) says in plain words that ' \* \* \* the court may not enlarge \* \* \* the period for taking an appeal.' The courts have uniformly held that the taking of an appeal within the prescribed time is mandatory and jurisdictional. The history of Rule 45(b) shows that consideration was given to the matter of vesting a limited discretion in the courts to grant an extension of time for the taking of an appeal, but, upon further consideration, the idea was deliberately abandoned. It follows that the plain words, the judicial interpretations, and the history, of Rule 45(b) not only fail to support, but actually oppose, the conclusion of the Court of Appeals, and therefore its judgment cannot stand."

See also United States v. Smith, 331 U.S. 469, 67 S.Ct. 1330, 91 L.Ed. 1610; Hodges v. United States, 108 U.S.App. D.C. 375, 282 F.2d 858 (1960); and Marion v. United States (CCA 9, 1948), 171 F.2d 185.

The appellant in this case, without any question, was sentenced by the district judge on November 22, 1961, at a time when he was represented by counsel. However, the record clearly reflects that Boruff did not at any time have the benefit of advice from either the Court or counsel concerning his rights under Rule 37(a) (2). The appeal in this case was

not filed until March 20, 1962. The appeal, therefore, was not timely and this Court has no jurisdiction. The appellant is not without his remedy of habeas corpus. I therefore respectfully dissent.