**Santiago Vera MARES, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 25245.

United States Court of Appeals
Fifth Circuit.

March 19, 1968.

Toby C. Bonds, Houston, Tex., for appellant.

Morton L. Susman, U. S. Atty., James R. Gough, Ronald J. Blask and Homero M. Lopez, Asst. U. S. Attys, Houston, Tex., for appellee.

Before COLEMAN, AINSWORTH and DYER, Circuit Judges.

COLEMAN, Circuit Judge:

As to any substantial legal issue this appeal presents a very interesting "much ado about nothing".

In the District Court for the Southern District of Texas, at Brownsville, a jury composed, so this record shows, of David Trevino, Jr., Theresa J. Guerrero, Estela V. Alamia, Efrain A. Duran, Manuel Gavito, Jr., Humberto Campbell, Raul Zamarripa, Joe Boyd Peerson, James D. Rodgers, Alexander Champion, Jr., and Adrian Brower acquitted the appellant, Santiago Vera Mares, of smuggling fifty-seven pounds of marihuana into the United States from Matamoras, Mexico, but convicted him of selling the same, in violation of 21 U.S.C. § 176a.

He was tried along with Jesus Salas De Leon and Jaime Hernandez Juarez. De Leon, represented by separate counsel, was convicted of both the smuggling and the selling. Juarez, who had the same court appointed lawyer as Santiago

Vera Mares, was convicted of the smuggling but not of the selling. De Leon was sentenced to concurrent terms of ten years, Juarez got five, and Mares was sentenced to nine. Only Mares is here on this appeal.

A record of 348 typewritten pages reveals that court appointed counsel put up a mighty battle in behalf of the clients who had been conferred upon them, but Mares was done in by the testimony of the government undercover agent, Abel Ruiz, who seems also to have been known on occasion as Castillio and as Ramirez.

The transcript indicates that Ruiz suffered convenient lapses of memory, along with frequent episodes of ignorance about certain material matters, but his testimony was nevertheless accepted by the jury. He was unshakably positive that Mares arranged with him at the Beacon Drive-In, Brownsville, to deliver fifty pounds of marihuana for fifty dollars a pound. Mares denied this most emphatically. He was not at the scene when the delivery was made; he had left the expedition before it crossed the international bridge. De Leon and Juarez made the delivery and were arrested on the spot.

When the battle was over counsel advised Mares that an appeal would be useless because it would present nothing but a credibility issue. He failed, however, to advise Mares that he could appeal in forma pauperis and that counsel would be provided at no cost to him. Mares went on to Leavenworth.

The University of Kansas School of Law Legal Assistance Project then got into the case and, approximately thirteen months after the conviction, filed a notice of appeal, supported by the affidavit of trial counsel as to the failure to advise appellant of his right to appeal at the expense of the government. Correctly acting under the principles announced in Boruff v. United States, 5 Cir., 1962, 310 F.2d 918, the District Judge allowed the appeal to be filed. He refused to issue a certificate of probable cause and denied leave to proceed *in forma pauperis,* certifying that the appeal was frivolous, 28 U.S.C.A. § 1915. In this, as will be seen, the Judge was entirely right.

A panel of this Court [acting necessarily without the benefit of the trial record] subsequently granted leave to appeal *in forma,* with court appointed counsel. This attorney has briefed and argued the appeal.

It is contended that reversible error was committed in the following particulars: (1) In the admission into evidence of Mares' identification card which he showed the arresting officer when he was taken into custody at the courthouse in Brownsville; (2) appellant was denied effective assistance of counsel because the same attorney represented both Mares and Juarez; (3) there was no substantial evidence to convict Mares of the offense charged; (4) certain remarks of the trial court prejudiced the defendant in the eyes of the jury; and (5) since Mares could not speak and understand the English language he was denied his Sixth Amendment right to confront the witnesses against him.

With no reflection on the court appointed counsel who briefed and argued the case to us and who did the best he could with the case as it was handed to him, a reading of the trial record quickly reveals each of these contentions to be so devoid of merit as to deserve the sobriquet of frivolous.

None of them really merits discussion but we shall briefly mention the Sixth Amendment contention as to the confrontation of witnesses. Mares was a resident of Matamoras, where apparently he had been a policeman. Granting that he could neither speak nor understand English, the record shows that he was tried before a Judge who has a fluent command of Spanish. He was represented by an attorney who had a fluent command of both English and Spanish. Moreover, the official court interpreter was required to sit with the defendants throughout the trial and explain to them what was being said. The record is replete with instances in which the trial

judge intervened to make crystal clear items which he felt the interpreter might not have covered with absolute clarity. The vigorous efforts of the Spanish speaking lawyer, including searching cross examinations, utterly negate any advantage being taken of the defendant. With the assistance of the trial judge, a zealous attorney, and an official interpreter appellant did confront the witnesses against him. Since no prejudice appears on the face of the record and none is alleged in the appeal, that unquestionably was enough.

Affirmed.