**UNITED STATES of America, Plaintiff,**

v.

**William R. WHITE, Defendant.**
**Crim. No. 1384–52.**

United States District Court
District of Columbia.
Aug. 30, 1957.

**810**

Frederick G. Smithson, Asst. U. S. Atty., Washington, D. C., for the United States.

William R. White, in pro. per., for the motion.

HOLTZOFF, District Judge.

This is a motion submitted by the defendant *in propria persona* on August 26, 1957, to vacate and set aside a sentence imposed on him by this court on March 6, 1953, on a charge of murder in the second degree. The motion is made under 28 U.S.C. § 2255.[1]

On August 8, 1952, the defendant in connection with robbing one Ralph T. Blake, brutally beat him to death. He was indicted on a charge of murder in the first degree on September 8, 1952. The case came on to trial on January 27, 1953. Ordinarily a homicide committed in the course of a perpetration of a robbery constitutes murder in the first degree and there is no basis for a verdict of guilty of murder in the second degree. In this instance, however, it was conceivable on one view of the evidence that the homicide was committed first and that immediately after the victim's death the defendant committed larceny from the corpse. In view of this possibility, the court extended to the defendant the benefit of any possible doubt and instructed the jury in respect to murder in the second degree as an alternative. The jury returned a verdict of guilty of murder in the second degree. On March 6, 1953, the defendant was sentenced to imprisonment for a term of fifteen years to life. No appeal was taken. It is quite apparent that both the defendant and his counsel felt gratified that he had escaped a death sentence, which the evidence would have justified, and they did not want to run the risk of disturbing the situation.

The defendant has now submitted a motion *in propria persona* to set aside the sentence on the ground that a con-

1. The pertinent provisions of 28 U.S.C. § 2255, read as follows:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

fession introduced in evidence at his trial was obtained during a period of an alleged undue detention and prior to the time when the defendant was taken before a committing magistrate. This motion is based on the authority of Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356.

It is well established, however, that a motion under 28 U.S.C. § 2255 is not a substitute for an appeal and does not permit a review of alleged errors committed at the trial. It is limited only to affording a remedy for extraordinary and exceptional situations which previously had been afforded by a writ of *habeas corpus*. Only such matters as affect the jurisdiction of the trial court, or render the sentence subject to collateral attack, may be considered. This court has had occasion to review these principles and the authorities supporting them in United States v. Edwards, 152 F.Supp. 179. This court specifically pointed out in that case that a contention that a confession admitted at the trial had been obtained as a result of illegal detention may not be entertained on a motion under 28 U.S.C. § 2255.

The Court of Appeals for this Circuit in Smith v. United States, 88 U.S.App. D.C. 80, 85, 187 F.2d 192, 197, expressly so held. In his opinion in that case, Judge Fahy stated:

> " * * * the admission of confessions obtained by illegal detention is not a ground for collateral attack against the sentence and judgment following thereupon."

Consequently, the motion on its face discloses no claim for relief. When the defendant and his counsel decided not to appeal from the judgment of conviction, they made a final decision. The defendant may not be permitted to reopen this case long after the original trial when the Government may have difficulty in supplying all the elements of proof due to possible fading of memory of witnesses, and other similar circumstances.

Even if, however, the question were open for consideration, it is entirely lacking in merit, as appears from the files and records of this court. The court's trial notes show that the defendant was seventeen years of age at the time the murder was committed and he was placed under arrest. He was then under the jurisdiction of the Juvenile Court of the District of Columbia.[2] The Federal Rules of Criminal Procedure do not apply to proceedings in that court.[3] Consequently, Rule 5 requiring an arrested person to be taken before a committing magistrate without unnecessary delay, is not applicable to a juvenile. The provisions of law governing proceedings in the Juvenile Court in the District of Columbia, do not contemplate or provide for a preliminary hearing before any magistrate, or before a judge of the Juvenile Court. On the contrary, they provide for a preliminary ex parte investigation by the director of social work before determining whether the Juvenile Court should take jurisdiction. In the meantime, no hearing is held. This court will take judicial notice of the fact that this has been the procedure in the Juvenile Court for many years. It is based on express statutory provision.[4]

The court's trial notes show that the arresting officer testified that he did not take the defendant before a committing magistrate because he was a juvenile. This procedure was proper and any other course would have been of questionable legality and would have, in part, defeated the provisions of the Juvenile Court Act. The statute, however, permits the Juvenile Court in certain instances to waive jurisdiction. In due time the Juvenile Court did so in this instance and thereupon the matter was presented to the grand jury which returned an indictment.

2. D.C.Code 1951, § 11–906.

3. Federal Rules of Criminal Procedure, Rule 54(a) (1), 18 U.S.C.

4. D.C.Code 1951, §§ 11–908, 11–912.

The motion filed on August 26, 1957, under 28 U.S.C. § 2255, to vacate and set aside sentence, is denied on the ground that the motion and the files and records of the case conclusively show that the defendant is entitled to no relief.

The court may add that the facts of this crime, as well as the defendant's prior history as disclosed in the presentence investigation report of the Probation Officer, indicate that the defendant is a person of vicious propensities who has brutally attacked victims of his crimes. It was very largely because of the fact that he was only seventeen years of age when the offense was committed, and only eighteen at the time of the trial, that the jury in the exercise of mercy found him guilty of murder in the second degree, rather than of murder in the first degree, as would have been justified by the evidence. It would be a menace and a danger to the safety of society to release him.