UNITED STATES of America

v.

John E. HODGES.

Cr. No. 569-56.

United States District Court
District of Columbia.

Nov. 14, 1957.

Arthur J. McLaughlin, Washington, D. C., Asst. U. S. Atty., for the United States.

Sutherland G. Taylor, Washington, D. C., for defendant Hodges.

SIRICA, District Judge.

This is a motion under 28 U.S.C.A. § 2255, to set aside a sentence this court imposed on the defendant on May 3, 1957 based on a conviction for robbery. An oral hearing was had on October 25, 1957, with counsel on both sides present.

Findings of Fact

1. On April 26, 1956, two members of the Metropolitan Police Department obtained a warrant from the Municipal Court of the District of Columbia for the arrest of the defendant on the charge of armed robbery. Four days later, on April 30, the Chicago Police Department informed our local police that they had the defendant in custody.

2. Two members of the District of Columbia Police Department went to Chicago on May 2. They talked with the defendant for about an hour on the afternoon of May 2, and reduced a statement he made to writing.

3. Although defendant agreed to waive extradition, the police were not able to get reservations to return him to Washington until May 4. The defendant and the two members of the Metropolitan Police Department arrived in Washing-

ton about 4:15 p. m. on May 4, and reached the police headquarters that same day about 5 p. m.

4. There he was charged with robbery, placed in a line-up and then sent to No. 1 Precinct. The next morning, on May 5, he was arraigned before the U. S. Commissioner for the District of Columbia. Although the District of Columbia Police had obtained a U. S. Commissioner's warrant in Washington before they went to Chicago, they did not take the warrant with them.

5. The confession made to the members of the Metropolitan Police Department was voluntary and was not the result of coercion, threats or promises.

6. The grand jury indicted the defendant on June 4, 1956 on a charge of robbery and on August 30, 1956, he entered a plea of guilty. He was later sentenced to a term of from three to twelve years.

7. Defendant later was allowed by the court to withdraw his plea of guilty, and he then entered a plea of not guilty. Defendant went to trial on April 15, 1957, and was convicted of the offense of robbery and was sentenced to a term in prison of from four to thirteen years.

## Conclusions of Law

■■■ Defendant contends that the admission by the trial judge of defendant's confession which allegedly resulted from an unlawful detention invalidated the conviction and sentence. During the trial the court took extensive testimony out of the presence of the jury regarding the circumstances of defendant's confession before it admitted it into evidence.

It seems well settled that a defendant may not seek to vacate a sentence under § 2255 by alleging mere error in the admission of evidence unless such error amounts to a denial of constitutional rights involving the essentials of a fair trial. In Smith v. United States, 1950, 88 U.S.App.D.C. 80, 85, 187 F.2d 192, 197, the Court of Appeals stated:

"* * * the admission of confessions obtained by illegal detention is not a ground for collateral attack against the sentence and judgment following thereupon."

See also Adams v. United States, 1955, 95 U.S.App.D.C. 354, 222 F.2d 45. Therefore, this type of issue may only be raised upon a direct attack on the judgment by way of appeal. A motion to vacate under § 2255 is an extraordinary remedy which is essentially the same as the writ of *habeas corpus*. It is not an acceptable expedient for raising errors of law when the time for appeal has gone by. United States v. White, D.C.D.C. 1957, 153 F.Supp. 809.

Defendant, however, argues that the Supreme Court's ruling, in Mallory v. United States, 1957, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479, sets a more exacting test for the admissibility of confessions and that he could probably have obtained a reversal on appeal had Mallory been handed down at an earlier date. Without speculating on this matter, it should be noted that if this issue is non-constitutional and non-jurisdictional, as this court holds that it is, then the statutory right to raise it upon appeal had expired before Mallory could take effect.

Defendant next appears to imply that the Mallory decision holds that every erroneous admission of a confession creates a defect in the trial proceedings which is constitutional in nature and hence reviewable under § 2255. The court does not understand this to be the purport of Mallory. The language of the Supreme Court is explicit. For example the court said [354 U.S. at page 450, 77 S.Ct. at page 1357]: "Since an important question involving the interpretation of the Federal Rules of Criminal Procedure, 18 U.S.C.A., was involved in this capital case, we granted the petition for certiorari", and again [354 U.S. at page 451, 77 S.Ct. at page 1358]: "The case calls for the proper application of Rule 5(a) of the Federal Rules of Criminal Procedure * * *." The most that the facts permit this defendant to

argue is that the court erred in admitting into evidence a confession obtained during an "unnecessary delay" in violation of Criminal Rule 5(a), 18 U.S.C.A. This is not a constitutional question and could have been urged only upon direct appeal.

Therefore, this motion to vacate sentence is denied.