## HODGES *v.* UNITED STATES.

No. 58. Argued November 13, 1961.—Decided December 4, 1961.

*Quinn O'Connell* argued the cause for petitioner. With him on the briefs were *Henry B. Weaver, Jr.* and *Hershel Shanks.*

*Beatrice Rosenberg* argued the cause for the United States. With her on the brief were *Solicitor General Cox, Assistant Attorney General Miller* and *J. F. Bishop.*

PER CURIAM.

We brought this case here upon the understanding that the question it presented was whether the District Court should have accorded petitioner a hearing under 28 U. S. C. § 2255 when it appeared that no appeal had been perfected from the original judgment of conviction. After a thorough review of the full record, made possible after the case was briefed and argued on the merits, we have concluded that the petition for certiorari was improvidently granted. The record shows that the District Court did in fact conduct a hearing upon the petitioner's § 2255 motion, 156 F. Supp. 313, but that the

minutes of such hearing have been lost. Whether or not that hearing was adequate need not, however, be determined, for we are satisfied from the record, which includes the trial transcript, that in any event this was a case where no hearing was required under the statute, because "the files and records of the case conclusively show" that the petitioner was entitled to no relief. Therefore, and necessarily without approving or disapproving the view of the Court of Appeals on what now appears an extraneous issue, 108 U. S. App. D. C. 375, 282 F. 2d 858, we dismiss the writ as improvidently granted.

*It is so ordered.*

MR. JUSTICE DOUGLAS, with whom THE CHIEF JUSTICE and MR. JUSTICE BLACK concur, dissenting.

The hearing which the District Court gave petitioner under 28 U. S. C. § 2255 is not dispositive of the case. That hearing was held October 25, 1957. The issue with which the Court of Appeals in the present case was concerned was presented in two affidavits, one by petitioner dated August 3, 1959, and the other by petitioner's lawyers dated July 31, 1959. Petitioner swears he did not know that he had only 10 days to appeal. Petitioner's lawyers swear, "We were present at the time that sentence was imposed. Immediately after sentence was imposed, John Hodges was removed from the courtroom by the U. S. Marshal and we did not have an opportunity to talk to him." They also state that they advised petitioner's wife that she should have him prosecute an appeal. Petitioner says that when his wife mentioned an appeal, the 10-day period had passed. No one gave petitioner timely notice of his right to appeal.*

---

*Had the sentencing court realized petitioner had no effective legal representation at the time, its duty would have been clear. Rule 37 (a) (2) of the Federal Rules of Criminal Procedure pro-

The underlying constitutional issue which petitioner presses is that the confession used against him was coerced. I do not see how we can say that "the files and records of the case conclusively show" that petitioner is entitled to no relief. Following the 1957 hearing the District Court made a finding that petitioner's confession was "voluntary" and was not "the result of coercion, threats or promises." But there is no record of that hearing. The reporter's notes were lost. No court can review the findings. No court has ever reviewed them.

We are not here concerned with the right to appeal out of time, as was the case of *United States* v. *Robinson*, 361 U. S. 220. Indeed, in *Robinson* the Court recognized that relief was, or should be, available under § 2255 in cases such as the one now before us:

"The allowance of an appeal months or years after expiration of the prescribed time seems unnecessary for the accomplishment of substantial justice, for there are a number of collateral remedies available to redress denial of basic rights. Examples are: The power of a District Court under Rule 35 to correct an illegal sentence at any time, and to reduce a sentence within 60 days after the judgment of conviction becomes final; the power of a District Court to entertain a collateral attack upon a judgment of conviction and to vacate, set aside or correct the sentence under 28 U. S. C. § 2255; and proceedings by way of writ of error *coram nobis.*" *Id.,* at 230, note 14.

If the error now being pressed were a non-constitutional one, relief might be denied, citing *Sunal* v. *Large*, 332 U. S.

___

vides: ". . . When a court after trial imposes sentence upon a defendant not represented by counsel, the defendant shall be advised of his right to appeal and if he so requests, the clerk shall prepare and file forthwith a notice of appeal on behalf of the defendant. An appeal by the government when authorized by statute may be taken within 30 days after entry of the judgment or order appealed from."

174. But in that case, where *habeas corpus* was sought to do service as an appeal, we made clear that we were not dealing with constitutional defects in the trial. *Id.*, at 178, 182. When a constitutional issue was presented, we took the other course and allowed relief by way of § 2255, at least until today. See, *e. g., Jordan* v. *United States,* 352 U. S. 904. In the *Jordan* case, petitioner had not raised the constitutional objection at the trial; and though he had appealed, he had failed to raise it there. 98 U. S. App. D. C. 160, 166, 233 F. 2d 362, 368. Later he tendered it in the § 2255 proceeding. We held that the constitutional issue, though not raised at the trial or on appeal, as could have been done, could be raised in a § 2255 proceeding. The Court of Appeals promptly and properly took the *Jordan* case to mean just that. *Askins* v. *United States,* 102 U. S. App. D. C. 198, 200, 251 F. 2d 909, 911. If the *Jordan* case is the law, I fail to see why relief by way of § 2255 is not available when petitioner, through no fault of his own, was denied the right to appeal.