**1010**

UNITED STATES of America,
Plaintiff,

v.

Anthony WINSTEAD, Defendant.

No. 37886.

United States District Court
N. D. California, S. D.

Feb. 26, 1964.

Cecil Poole, U. S. Atty., San Francisco, Cal., for plaintiff.

Fred Campagnoli, San Francisco, Cal., for defendant.

SWEIGERT, District Judge.

Petitioner Anthony Winstead, a prisoner at United States Penitentiary, Terminal Island, San Pedro, California, has petitioned the Court under Title 28 U.S.C. § 2255 to set aside the sentence of Court imposed March 20, 1962, for convictions under Title 21 U.S.C. § 174 and Title 26 U.S.C. § 4705(a).

On April 9, 1963, the Court granted petitioner a hearing limited, until further order of the Court, to an examination of the transcripts of the trial and sentencing proceedings, and ordered that petitioner be provided with copies of said transcripts. The Court thereafter appointed counsel to represent petitioner. On September 24, 1963, the Court held a hearing at which petitioner, although not present, was represented by counsel. The matter was put over for submission upon the further filing of briefs by counsel for petitioner and the United States Attorney.

The Court has examined the petition, the transcript of the testimony of witnesses during trial and the transcripts of the sentencing proceedings. The Court also has examined the memorandum filed by the Government in opposition to petitioner's motion and the memorandum filed in support of petitioner's motion by court-appointed counsel.

Petitioner has raised a number of issues which are wholly inappropriate to a proceeding under Sec. 2255. Numerous allegations raise the question of the sufficiency of the evidence, the use of hearsay evidence, the failure of an informer to testify and the legality of petitioner's arrest. Such issues are not reviewable under Sec. 2255. Hernandez v. United States, 256 F.2d 342 (5th Cir. 1958), cert. denied 358 U.S. 851, 79 S.Ct. 80, 3 L.Ed.2d 85 (1958); Eberhardt v. United States, 262 F.2d 421 (9th Cir. 1958).

Petitioner further contends that the trial court erred in admitting into evidence certain letters of the petitioner which federal narcotic agents obtained as a result of an allegedly illegal search and seizure. The government contends that petitioner cannot raise this issue by a motion under Sec. 2255.

Thus, the initial question presented by the petition is whether the issue of the alleged illegal search and seizure may be raised by a motion under Sec. 2255. Prior rulings of this Circuit have held that any error concerning the admissibility of evidence obtained as a result of an unlawful search is merely trial error which can be reviewed on an appeal from the judgment of conviction, but which cannot be dealt with in a Sec. 2255 proceeding. Williams v. United States, 307 F.2d 366 (9th Cir. 1962); Eberhardt v. United States, 262 F.2d 421 (9th Cir. 1958); cf. Price v. Johnston, 125 F.2d 806 (9th Cir. 1942).

However, in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1960), in holding the exclusionary rule applicable to state courts, the Supreme Court rejected the theory that the exclusionary rule is merely a rule of evidence but held it to have a Constitutional basis insofar as it applied to state proceedings in the 4th and 14th Amendments. Id. 367 U.S. at 657, 81 S.Ct. at 1693, 6 L.Ed.2d 1081. This Circuit recently applied Mapp v. Ohio, supra, retroactively to affirm the release of a state prisoner who had petitioned for a writ of habeas corpus on the grounds that his conviction was based upon the admission of illegally seized evidence in violation of the 4th and 14th Amendments. California v. Hurst, 325 F.2d 891 (9th Cir. 1963); accord, Hall v. Warden, 313 F.2d 483 (4th Cir. 1963).

If the due process concepts of the 14th Amendment prohibit the admission of illegally seized evidence by state tribunals, then the same prohibition must apply to federal courts by virtue of 5th Amendment due process concepts. Otherwise, a right available to a state prisoner through a petition for a writ of habeas corpus would be denied to a federal prisoner under Sec. 2255. Such a distinction would be contrary to the Congressional purpose in enacting Sec. 2255 to provide a remedy as broad as that provided by habeas corpus. United States v. Hayman, 342 U.S. 205, 214–219, 72 S.Ct. 263, 96 L.Ed. 232 (1951); Sanders v. United States, 373 U.S. 1, 13–15, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1962).

Furthermore, the Supreme Court recently reiterated the doctrine that federal habeas corpus (and hence Sec. 2255) is available to challenge restraints which are contrary to the Constitution. Fay v. Noia, 372 U.S. 391, 409, 83 S.Ct. 822, 9 L.Ed.2d 837 (1962).

■ Thus, we conclude that a prisoner in federal custody may use Sec. 2255 as a proper vehicle for attacking as unconstitutional the admission of evidence seized in derogation of the Constitutional prohibition against unlawful searches and seizures.

The petition alleges that the Court admitted into evidence letters which had become the personal property of petitioner and further alleges that the Court responded to repeated objections by petitioner's counsel by stating, "Let's see what he has to say about them." The transcript does not disclose any such comment by the Court.

The transcript reveals that the following exhibits were marked by the government for identification (Tr. p. 2):

(1) An envelope containing evidence.

(2) A letter, dated April 7, 1961, to the Right Worshipful Anthony Winstead.

(3) A Western Union money order receipt.

(4) A letter, dated March 28, 1961.

(5) The envelope for Exhibit #2.

The transcript further reveals that, except for Government Exhibit #1 above, the government did not use any of the above mentioned exhibits to establish its case in chief.

To establish its case in chief, the government introduced evidence to the effect that on March 31, 1961, an undercover agent, Green, in possession of $200

of identified state funds and equipped with a radio transmitting device, gave said funds to petitioner in return for a white powder, which laboratory analysis established contained cocaine, (Tr. pp. 1–116).

The petitioner sought to establish that Raemon Ransome, a New York boyhood friend of petitioner, sent petitioner the white powder, representing it to be a German formula which "pepped" people up, but which was neither a narcotic nor habit forming. In the course of his testimony, petitioner referred to numerous letters which Ransome had written him. (Tr. pp. 144, 148–50).

1. Petitioner's allegations concerning illegal search and seizure would not apply to Government Exhibit #1, which was an envelope containing a quantity of cocaine which Agent Green obtained from petitioner, (Tr. pp. 7, 9, 25–38, 81–91).

2. The Government had its Exhibit #2, a letter dated April 7, 1961, from Raeyton Laboratories to the Right Worshipful Anthony Winstead, marked for identification during the cross-examination of petitioner (Tr. p. 170), but counsel for petitioner introduced it into evidence, stating, "I am perfectly willing that it be a defendant's exhibit, or a government exhibit; it doesn't matter," (Tr. p. 221).

Petitioner further contends that certain letters addressed to petitioner were read in open court over the repeated objections of petitioner's counsel. However, the transcript reveals that the only letter read in open court was Government Exhibit #2, which was read by petitioner's counsel, (Tr. p. 223).

The petition alleges that certain letters were obtained from petitioner's mail box without a search warrant.

According to the testimony of Agent Nickoloff, the post office originally delivered the letter (Government Exhibit #2) to petitioner's address at 106 South Idaho Street. As petitioner was not there, the letter was returned to the post office. Nickoloff then requested the postal authorities to deliver the letter to petitioner who was in custody. The postal inspec-

tor then handed the letter to petitioner in the United States Marshal's office on April 11, in the presence of Agent Nickoloff, (Tr. pp. 252–53, 258).

Petitioner's earlier testimony is not in conflict with this testimony, (Tr. p. 220).

3. On cross-examination, the government showed its Exhibit #3, a Western Union money order receipt, to petitioner and asked whether it refreshed petitioner's recollection as to the amount of money he admittedly sent Ransome, (Tr. pp. 216–218).

Concerning said receipt, Agent Nickoloff testified that on the day he arrested petitioner, April 10, 1961, he and Agent Ohlson brought petitioner to 826 Indian Street, at which address petitioner denied living, though he admitted visiting there. They entered the house using a key furnished by Mrs. Taylor, earlier identified as the owner of the house, and with several other agents searched the house. In a bedroom they found men's clothing, certain papers and envelopes addressed to petitioner, several bottles of white powder, and the receipt in question, (Tr. pp. 243–46).

On cross-examination, Agent Nickoloff testified that at no time did he have a search warrant (Tr. pp. 254–55). The petition alleges that following petitioner's arrest, Agents Nickoloff and Ohlson took petitioner to 826 Indian Street, a property owned by Mrs. Taylor who was at the time in custody of the state narcotic agents; that the petitioner and said narcotic agents were met by a number of other law enforcement officers; and that Agent Nickoloff produced keys that were used to open the door of the home and then made a search of the premises.

4. Although at one time Government Exhibit #4, a letter dated March 28, 1961, was introduced into evidence, the Court took it out of evidence, (Tr. pp. 233–37).

5. Government Exhibit #5 was the envelope for Government Exhibit #2. When the government marked the envelope for identification, counsel for petitioner stated, "I have no objection to

this going into evidence. I would like the jury to see it." The envelope was then admitted into evidence, (Tr. p. 249).

Near the close of the case, defendant's counsel objected to the matters that were seized from petitioner without any search warrant and more specifically referred to the letter delivered by the postal inspector and the receipt discovered at 826 Indian Street, (Tr. p. 260).

Although petitioner moved for a new trial after his conviction, which motion was denied (Transcript of Hearing on Plea and Judgment, p. 1), petitioner did not appeal his conviction.

■ The failure to appeal a conviction bars a subsequent motion under Sec. 2255, unless such failure was not a free choice. Larson v. United States, 275 F. 2d 673 (5th Circuit, 1960), cert. denied 363 U.S. 849, 80 S.Ct. 1627, 4 L.Ed.2d 1732 (1959). In the case at bar, petitioner was represented by able counsel both during the trial and the sentencing. Petitioner does not raise, nor does the transcript reveal any issue regarding petitioner's knowledge of his right to appeal. In a similar situation, the Courts have foreclosed a petitioner from bringing a Sec. 2255 motion. Hodges v. United States, 108 U.S.App.D.C. 375, 282 F.2d 858 (1960), cert. dismissed 368 U. S. 139, 82 S.Ct. 235, 7 L.Ed.2d 184 (1961).

A holding that petitioner in the case at bar has waived his right to raise the issue of illegally obtained evidence is not inconsistent with the principles enunciated in Fay v. Noia, 372 U.S. 391, 438–440, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). In Fay v. Noia, supra, 372 U.S. at 438–439, 83 S.Ct. at 849, 9 L.Ed.2d 837, the Court recognized the District Court's discretion to deny relief where an applicant has deliberately by-passed the appellate procedures according to a doctrine of waiver defined as "an intentional relinquishment or abandonment of a known right or privilege."

In the case at bar, the strategy of the petitioner's able counsel was that the allegedly illegally obtained exhibits were not harmful to petitioner's cause. Petitioner's counsel himself introduced Government Exhibit #2 and stated that he would like the jury to see Government Exhibit #5. Nor did petitioner's counsel object to the use of Government Exhibit #3 in the cross-examination of petitioner. (Tr. pp. 218, 221, 223, 249). The objection to such evidence on search and seizure grounds came as an afterthought. The petitioner's failure to appeal is but another instance of his choice not to object to the use of the aforementioned letters and receipt.

■ We hold, therefore, that by his acquiescence to the use of such evidence during trial and his failure to appeal his conviction, petitioner has waived his right to raise the issue that his conviction was procured through illegally obtained evidence. The court concludes that the petition to vacate sentence under Sec. 2255 should be, and hereby is, denied.

It is so ordered.