**Louis Ray JONES and Billy Don Thompson, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 19687.**

United States Court of Appeals Eighth Circuit.

Dec. 24, 1969.

Rehearing Denied Jan. 23, 1970.

---

Louis Ray Jones and Billy Don Thompson, in pro. per.

Robert E. Johnson, U. S. Atty., and James A. Gutensohn, Asst. U. S. Atty., Fort Smith, Ark., for appellee.

Before MEHAFFY, GIBSON and HEANEY, Circuit Judges.

GIBSON, Circuit Judge.

This is an appeal from the District Court's denial without hearing of the motion of petitioners Jones and Thompson under 28 U.S.C. § 2255 to vacate judgment and sentence against them and to discharge them from custody.

Petitioners, who were known to the police, were arrested shortly after 9:00 a. m. on September 28, 1967. Police officers observed them leaving a wooded area in a strange automobile, which they drove away at an illegally high rate of speed. The police pursued them but when a tire on petitioners' car blew out they were forced to abandon the vehicle. They fled, escaping temporarily.

In the car the police discovered several American Express money orders from a recently burglarized bank as well as a shovel covered with fresh dirt. The po-

lice returned to the wooded area where Jones and Thompson had first been seen and there, in a freshly dug hole, discovered additional loot from the bank robbery including money and money orders. Jones and Thompson were arrested shortly thereafter.

At arraignment each petitioner waived indictment and pleaded guilty to violations of 18 U.S.C. § 2113(a) and (b), robbery or larceny from a federally insured bank. Petitioners also pleaded guilty to several indictments outstanding against them in other districts but transferred to the Western District of Arkansas under Rule 20, Fed.R.Crim.P. Jones was charged with three separate offenses transferred under Rule 20 for crimes committed in Texas, Louisiana and Missouri; Thompson with two in Texas and Louisiana. They were each subsequently sentenced to 20 years in prison for violation of 18 U.S.C. § 2113(a) and (b), and in addition each received several five-year terms in connection with the indictments transferred under Rule 20, which sentences were set to run concurrently with their 20-year sentences. However, both were sentenced under the indeterminate sentence procedure of 18 U.S.C. § 4208(a) (2), making them "eligible for parole at such time as the board of parole may determine."

On appeal the petitioners contend: (1) 18 U.S.C. § 2113(a) is unconstitutional and thus count one of the information under which they were prosecuted is void; (2) they were never properly informed of their right to plead not guilty to the information filed charging violation of 18 U.S.C. § 2113(a) and (b); (3) they were improperly informed of the potential maximum length of their sentences; (4) the Court failed to properly advise them in the Rule 20 proceedings that they had a right to plead not guilty and in the event a not guilty plea was entered the cases would be returned to the districts of origin; and (5) they were improperly denied a hearing on their § 2255 motion.

■ 1. Petitioners contend 18 U.S.C. § 2113(a) is unconstitutional because it makes a federal offense of "any larceny" committed in a federally protected bank and in so doing exceeds the constitutional powers of the United States Congress. Petitioners cite Jerome v. United States, 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640 (1943) for this proposition. But *Jerome* is not in point. In *Jerome* the Court made no constitutional determinations, but rather construed the phrase "any felony" (committed in a federally protected bank), as it appeared in the statute, to mean only felonies already proscribed under federal law and affecting banks protected by the Act, on the ground that courts should not infer a congressional intent to incorporate state criminal law unless such an intent is clearly stated in the legislation. Thus, *Jerome* does not stand for the proposition that Congress is without power to prohibit "any felony" occurring within a federally protected bank. *Jerome* decided no constitutional issues nor considered any limitations on congressional power, but was concerned only with a statutory construction issue.

■ Congress is not without power to prohibit "any larceny" (a much more restrictive phrase than "any felony") occurring within a federally protected bank. This Court has upheld the constitutionality of § 2113(a) and (b) in Smith v. United States, 356 F.2d 868 (8th Cir.1966), cert. denied, 385 U.S. 820, 87 S.Ct. 44, 17 L.Ed.2d 58 (1966), and petitioners' contention is devoid of any merit. They admitted burglarizing the bank, taking money, coins, and money orders, and their acts fall within the clear purview of the statute.

2. The petitioners contend they were not properly informed of their right to plead not guilty and in fact claim they thought a guilty plea was mandatory since they had previously confessed and waived indictment. This contention is without merit. Petitioners are reasonably articulate, sophisticated young men with extensive criminal records and

criminal experiences, not likely to be unaware of the right to plead not guilty.

Jones retained private counsel and Thompson had counsel appointed by the Court. Both were ably and in fact diligently represented at all court proceedings. Their attorneys intelligently protected their rights, particularly in regard to sentencing, and made effective pleas for leniency.

It is incredible to suppose that these same attorneys never discussed with petitioners the alternatives of pleading guilty or not guilty, or their respective chances before a jury or a court on the charges contained in the information. Attorneys in criminal cases are retained or appointed for the purpose of providing consultation, evaluation and advice, along with carrying out the duties of representation at the criminal trial. The attorneys, both employed and appointed, were adequately qualified to serve the petitioners' interests and the record reflects that they did so in a diligent and professional fashion. Thus, the petitioners were fully aware of their alternatives. Judge Williams carefully explained all of the charges to each petitioner as well as the possible sentences, and he was most careful to determine that the petitioners understood the effect of pleading guilty and that the petitioners had in fact committed the acts for which they admitted being guilty. Finally, the Judge carefully asked each defendant how he pleaded, and each answered guilty.

■ The case of McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) has laid down strict instructions requiring judges to follow Rule 11 carefully and to compile a record to show that Rule 11 was complied with. Although *McCarthy* is not applicable to this case since it does not apply retroactively, Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), we believe Judge Williams substantially complied with its commands.

■ The defendants contend they should have been specifically informed of their right to plead not guilty. This is not required by Rule 11, but defendants knew of this right and it was further made clear to them by their counsel, by the Judge when he informed them of their right to stand mute and to say nothing which could be used against them, and by implication when he asked the question, "How do you plead?"

A reading of the record discloses the frivolity and shallowness of petitioners' contentions. Petitioners were told by the Court that they had a right to have their bank burglary charge submitted to the Grand Jury or they could waive that right. Each consulted with their respective counsel and waived. They then were told by the Court before entering the plea: "Now as I stated before it is possible for each of you should you plead guilty to both charges that a maximum fine of $10,000, $5,000 in each case, could be assessed against you and imprisonment of 30 years could be assessed against you, 20 years on Count 1 and 10 years on Count 2 * * *." This very language shows quite simply and plainly that they were not compelled to plead guilty. They were then separately asked "How do you plead?" Both pleaded guilty, freely admitting the charges and denying any threats, inducements, or rewards to plead guilty. This again shows they were presented with a choice of pleading guilty or not guilty. Counsel for each concurred in the petitioners' pleas and told the Court that each client comprehended the nature of the charges and the effects of a plea of guilty.

■ 3. Petitioners assert that their respective pleas of guilty are invalid, being the result of misinformation as to the maximum length of their sentences. It is true that the judge erred in indicating a 30-year sentence was possible under the original information, 20 years on count one under 18 U.S.C. § 2113(a), and 10 years on count two under 18 U.S.C. § 2113(b). Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370

(1957) ruled that the maximum sentence possible under this statute is 20 years. However, this issue was broached by one of the attorneys at the time Judge Williams was discussing the penalties with the defendants and, though the matter was not settled at that moment, it is evident the petitioners were aware of the correct maximum sentences which they could receive under each count, and knew their counsel were contending that the lesser count was included in the greater.

Petitioners' attorneys correctly pointed out to the Court that the maximum was 20 years. It is also patently evident from the record that petitioners' guilty pleas were in no sense the result of the judge's error and thus petitioners were not misled or prejudiced by it.

■ 4. Petitioners' contention that their constitutional rights were violated because the judge in the Rule 20 proceeding did not tell them they had a right to plead not guilty is frivolous. Rule 20 in part reads:

"(a) Indictment or Information Pending. A defendant arrested or held in a district other than that in which the indictment or information is pending against him may state in writing that he wishes to plead guilty or *nolo contendere*, to waive trial in the district in which the indictment or information is pending and to consent to disposition of the case in the district in which he was arrested or is held, * * *"

The Court, for obvious reasons, can accept only a plea of guilty or *nolo contendere* in a Rule 20 proceeding. The whole proceeding is designed to aid the criminal defendant in disposing of criminal charges from other federal jurisdictions that would demand the defendant's appearance at a trial or else would remain pending during the defendant's incarceration and thus serve as an obstacle to a favorable consideration for a parole. A defendant requests the Rule 20 proceeding in writing and should not be heard to contend that he requested the accommodation for the futile purpose of transferring criminal charges from one jurisdiction to another and then back again. Of course, he may change his mind and enter a plea of not guilty and under Subsection (c) of Rule 20 the criminal charge would be transferred back to the place of origin and the defendant still would be confronted with the obligation of meeting the charge at some future date. However, if the defendant initially intends to plead not guilty to a criminal charge transferred under Rule 20, no purpose whatever is served by his requesting the Rule 20 proceeding.

■ 5. Finally, petitioners contend that the District Court abused its discretion in failing to grant them a hearing on their § 2255 motion. The Supreme Court viewed this same issue in Hodges v. United States, 368 U.S. 139, 140, 82 S.Ct. 235 at 236, 7 L.Ed.2d 184 (1961) holding, "that in any event this was a case where no hearing was required under the statute, because 'the files and records of the case conclusively show' that the petitioner was entitled to no relief." We think the present case was a proper one for denial of a hearing. Several issues involved no disputed facts. As to the other issues, the record is clear that petitioners were deprived of no substantial rights.

Judge Williams was well within the limits of his discretion in denying a hearing, as the files and records conclusively show that petitioners were not entitled to any relief.

Judgment affirmed.