[No. 303-3.    Division Three.    January 12, 1971.]

*In the Matter of the Application for a Writ of Habeas Corpus of* GARY EUGENE KUKES, *Petitioner, v.* B. J. RHAY, *as Superintendent of the State Penitentiary, Respondent.*

*Gary Eugene Kukes,* pro se.

*Slade Gorton, Attorney General,* and *Stephen C. Way, Assistant,* for respondent.

PER CURIAM.—Upon his plea of guilty, a judgment and sentence was entered on June 8, 1965, in the Superior Court for Yakima County, finding petitioner Gary Eugene Kukes guilty of first-degree forgery. He is presently incarcerated in the Washington State Penitentiary. Petitioner's previous application for a writ of habeas corpus made to the Superior Court in Walla Walla County was denied on June 18, 1970. He has now filed an original application for writ of habeas corpus in this court.

Petitioner contends he was not afforded effective aid of counsel; his counsel colluded with the prosecutor and probation office; he was never informed of the consequences of his plea of guilty; and all of these acts were in violation of his constitutional rights. The mere allegation of a violation of constitutional rights is not sufficient to start a

judicial probe by this court; petitioner must allege facts supporting his conclusions. *Palmer v. Cranor*, 45 Wn.2d 278, 281, 273 P.2d 985 (1954). The failure of petitioner to meet this requirement is alone sufficient for us to deny the application. However, going further, the record of proceedings in the trial court shows petitioner first entered a plea of not guilty on March 25, 1965, reappearing on May 6, 1965 to withdraw that plea and enter a plea of guilty. At that time, petitioner acknowledged to the court he understood the charge against him, entered his plea of guilty freely and voluntarily and not because of any promise, force or threat made to him. At that time his counsel moved for a presentence investigation which was allowed. On June 8, 1965, petitioner appeared in open court and orally requested withdrawal of the presentence investigation which was granted. Thereupon, sentence was imposed. This record, together with the uncontroverted affidavits of petitioner's counsel and the then prosecuting attorney, clearly demonstrates petitioner's conclusions to be without merit and contrary to the record.

■ Second, petitioner contends the prosecuting attorney and the sentencing judge submitted material misstatements to the Board of Prison Terms and Paroles, resulting in the fixing of an excessive term. It is evident this contention does not go to the constitutionality of petitioner's plea or any of the court proceedings and therefore is not properly before us on petition for writ of habeas corpus.

Petition is denied.