**Ernest C. DAVIS, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 72–1251.**

United States Court of Appeals, Sixth Circuit.

July 26, 1972.

---

3. Hines v. Delta Air Lines, 461 F.2d 576 (5th Cir. 1972).

J. E. Feibelman, Memphis, Tenn., for petitioner-appellant.

Glen Reid, Jr., Asst. U. S. Atty., Memphis, Tenn., for respondent-appellee; Thomas F. Turley, Jr., U. S. Atty., on brief.

Before PECK and MILLER, Circuit Judges, and McALLISTER, Senior Circuit Judge.

WILLIAM E. MILLER, Circuit Judge.

In 1959 Ernest Davis was convicted in district court under 18 counts of passing, uttering, or publishing forged postal money orders. Consecutive and concurrent sentences aggregating 15 years were imposed. No appeal was taken. After conviction Davis filed a number of petitions under 28 U.S.C. § 2255 seeking various forms of relief. The present petition was filed in January, 1971, and alleges that Davis was denied his right to an appeal from his criminal conviction and further that he was denied assistance of counsel for the purpose of appeal. Following an evidentiary hearing the district court denied relief. Davis appeals that decision.

At trial the indigent appellant was represented by appointed counsel. Following conviction on April 2, 1959, appellant was sentenced immediately. The district court did not advise appellant that he had a right to an appeal and that the clerk would prepare a notice of appeal for him. The appointed counsel testified that after the imposition of sentence he informed appellant that he was withdrawing from the case. Counsel did not inform the court of this decision and initiated no appellate action. Prior to the expiration of the 10 day period allowed for filing a notice of appeal,[1] appellant was sent to the U. S. Penitentiary in Atlanta, Georgia.

On April 24, 1959, appointed counsel responded to a letter from the incarcerated appellant. Counsel sent the case file to Davis and reaffirmed that he would render no further assistance. On April 29, 1959, appellant sent some sort of sworn application to the district court and requested copies of certain portions of the record. The request was denied. Later, on July 29, 1959, appellant again wrote the district court requesting parts of the record. That request was also denied. During the succeeding years, appellant filed several § 2255 motions, but the present issues were never considered.

1. Fed.Rule Crim.Proc. 37(a) (2) provided:
   *(2) Time for Taking Appeal.* An appeal by a defendant may be taken within 10 days after entry of the judgment or order appealed from, but if a motion for a new trial or in arrest of judgment has been made within the 10-day period an appeal from a judgment of conviction may be taken within 10 days after entry of the order denying the motion. When a court after trial imposes sentence upon a defendant not represented by counsel, the defendant shall be advised of his right to appeal and if he so requests, the clerk shall prepare and file forthwith a notice of appeal on behalf of the defendant. An appeal by the government when authorized by statute may be taken within 30 days after entry of the judgment or order appealed from.
   The provision for timely appeal is now found in Rule 4(b) Fed.Rule App.Proc. The provision for notification of the right to appeal is now found in Rule 32(a) (2), Fed.R.Crim.Proc.

In the instant petition, appellant asks that he be resentenced and allowed to perfect an appeal.

Following an evidentiary hearing, the district court found that appellant was aware of his right to appeal; that appointed counsel would have filed a delayed notice of appeal had appellant so requested; that appellant was represented by counsel through the 10 day period for filing notice of appeal; and that neither the trial court nor appointed counsel deprived appellant of his right to appeal.

## I

### APPOINTED COUNSEL WITHDRAWS

Appointed counsel maintains that immediately after sentencing he advised appellant that he was abandoning the case. Davis disputes the contention that his attorney had any discussion with him following the conviction. Davis further contends that he requested the attorney to appeal. In any event, at the evidentiary hearing counsel testified as follows:

Q I assume, from your comments, that you did in fact confer with Mr. Davis after he had been sentenced?

A I did; I did.

Q What was the nature and extent of that conference?

A Well, I had to inform him that he was not going to be represented by me, and I couldn't very well leave him in the lurch, and I was not personally going to undertake an appeal for Mr. Davis, and he could not be left in the lurch without counsel and without knowing what to do. I had to so advise him.

Q And after advising him of this, *did you advise him of the filing of a notice of appeal?*

A *No.* He discussed appeal. He was quite well aware of his right to appeal. I don't know to what extent he was familiar with the details. Now, I was not going to file a notice

of appeal with my name on it and be responsible for the prosecution of this case on appeal, because, with the two minor exceptions mentioned in Exhibit 2, I didn't feel there was any basis for a successful appeal; and furthermore, I felt that Mr. Davis had betrayed a confidence in not telling me the truth about the material aspects of this particular case, and *I didn't intend to go further and, farther, with the case.* It was my duty to so advise him, and I did. (Emphasis added.)

In 1959 appointed attorneys received no compensation and generally perceived no duty to their indigent clients following a conviction. This situation, of course, changed with the enactment of the Criminal Justice Act of 1964. 18 U. S.C. § 3006A. Today, appointed counsel's service extends through the appellate process and compensation is provided. In an affidavit to the district court, counsel for appellant described the previously-existing situation:

In the late 1950's Court appointed counsel in the Federal Courts served without compensation and were not, as now, wedded to their clients through the appellate procedures at the whim of the accused.

During this time, a persistent problem was that appointed counsel would often abandon a case after unilaterally concluding that an appeal was unwarranted. The defendant would be left to shift for himself. This practice was condemned by the Supreme Court. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Soon after his transfer to the penitentiary, appellant Davis wrote his trial attorney. It is unclear from the record whether appellant was inquiring about an appeal. At the evidentiary hearing counsel stated:

A Mr. Durand, *I don't recall the contents of Mr. Davis' letter addressed to me.* All I can do is say that usually I respond to my correspondence, and I have a response here, that is Exhibit 1, and I must say that it is, to the

best of my knowledge, it is responsive. So, whatever his letter was, and there is no mention of appeal. In this particular correspondence, we are talking about obtaining his release. There are post-convictions relief available to convicted persons, other than appeal, and I must, *I can't say whether there was any communication in his letter to me with regard to appeal,* but at that time that time had passed, as far as I was concerned. (Emphasis added.)

The letter of response from counsel in April, 1959 listed certain documents being forwarded and then continued:

As previously indicated to you, I will no longer, either actively or inactively, assist you in any further legal steps you may wish to take in connection with your most recent conviction. If you desire a copy of the transcript of your hearing, may I suggest that you contact the Honorable W. Lloyd Johnson, Clerk of the United States District Court for the Western Division of the Western District of Tennessee, United States Post Office, Memphis, Tennessee.

Thus regardless of the nature of Davis' inquiry, it seems apparent that counsel was not inclined to render further assistance. The attorney apparently reaffirmed his earlier decision to withdraw. Nevertheless, the court below concluded:

Petitioner was convicted on April 2, 1959, and the ten day period in which to file a notice of appeal elapsed on April 12. On April 25, 1959, the petitioner's attorney withdrew from the cause by letter. It is the opinion of the Court then, that petitioner was represented by competent and able counsel through April 12, 1959.

This finding cannot be supported. By counsel's own statement he, in fact, withdrew following imposition of sentence. And counsel took no action in the case after sentencing. Certainly it cannot plausibly be suggested that the fact that the attorney's letter was not sent until after the expiration of the 10 day period indicates that the attorney was representing Davis until the letter was mailed. The letter was sent only after an inquiry by Davis and on its face merely reiterates that counsel had previously abandoned the case. The district court's conclusion that appellant was in fact represented by counsel apparently derives from the finding that "the fact is that Mr. Howard did remain on as petitioner's attorney through the statutory 10 day period and even beyond. The Court also feels that he would have performed further service for petitioner such as filing a delayed notice of appeal had he been requested to do so."

This conclusion appears to us to be untenable. We are constrained to note that in 1959 there was no delayed notice of appeal. Rule 37(a) (2) in 1959 provided only for the filing of a notice of appeal within 10 days after entry of judgment. That period could not be enlarged. United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960); United States v. Temple, 372 F.2d 795 (4th Cir. 1966). The amendment to the rule providing for the delayed notice within 30 days following expiration of the 10 day period did not become effective until 1966.[2] *See* 9 Moore's Federal Practice ¶ 204.16–204.19.

Thus as was generally done at that time, appointed counsel abandoned the case following sentencing. The only permissible conclusion from the record is

---

2. The amended rule, found in Rule 4(b), Fed.Rule App.Proc., provides in part:

    *(b) Appeals in Criminal Cases.* In a criminal case the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of the judgment or order appealed from.

Upon a showing of excusable neglect the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.

that appellant was unrepresented after that time.

## II

### DEFENDANT IS NOT ADVISED

After conviction, appellant was sentenced immediately. He was not advised by the trial court that he had a right to appeal or that the clerk would prepare a notice of appeal if so requested. However, Federal Rule of Criminal Procedure 37(a) (2), in effect in 1959, required a court to so advise only when the court "after trial imposes sentence upon a defendant not represented by counsel. . . . " Since Davis was represented by counsel at the sentencing, the court did not apprise him of his appellate rights. In 1966 the rule was amended and the notification provision was transferred to Rule 32(a) (2).[3] Now, a district court imposing sentence must inform all defendants of his right to appeal whether or not represented by counsel. The rule was amended because of the frequency with which appointed trial counsel failed to advise the defendant of his rights and withdrew from the case following imposition of sentence.[4]

Counsel here did not advise the court that he was withdrawing. Nor did he explain to appellant the procedure for appealing. The attorney stated that he and his client discussed appeal, but apparently the discussion focused upon the fact that Davis would receive no further help. Appellant claims that he requested counsel to appeal and claims that he did not understand his right to appeal *in forma pauperis*. Counsel testified that appellant was well aware of his right to appeal and of the right to appeal *in forma pauperis*. As noted above, however, counsel specifically testified that he did not inform Davis of the need for filing a notice of appeal. Thus the defendant was left to prosecute his own appeal without any advice either from the trial judge or counsel as to the steps necessary to perfect such an appeal.

The United States contends that appellant was aware of all of his rights and knowingly waived them. The government, as did the district court, rests its conclusion upon the provision for filing a delayed notice of appeal. The United States argued at the evidentiary hearing and still maintains that when appellant was corresponding with his counsel and the trial court he did not ask to file a delayed notice of appeal because he knowingly chose instead to pursue his § 2255 remedy. The U. S. Attorney argued:

> Mr. Davis knew he had the right to appeal and waived it. At that time he had ten days to file a notice, and thirty days thereafter, if he could

3. That rule provides:
   (2) *Notification of Right to Appeal.* After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of his right to appeal and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in *forma pauperis*. If the defendant so requests, the clerk of the court shall prepare and file forthwith a notice of appeal on behalf of the defendant.

4. The Notes of Advisory Committee on Rules states in part:
   The court is required to advise the defendant of his right to appeal in all cases which have gone to trial after plea of not guilty, because situations arise in which a defendant represented by counsel at the trial is not adequately advised by such counsel of his right to

appeal. Trial counsel may not regard his responsibility as extending beyond the time of imposition of sentence. The defendant may be removed from the courtroom immediately upon sentence and held in custody under circumstances which make it difficult for counsel to advise him. See, e. g., Hodges v. United States, 368 U.S. 139 [, 82 S.Ct. 235, 7 L.Ed.2d 184] (1961). Because indigent defendants are most likely to be without effective assistance of counsel at this point in the proceedings, it is also provided that defendants be notified of the right of a person without funds to apply for leave to appeal in forma pauperis. The provision is added here because this rule seems the most appropriate place to set forth a procedure to be followed by the court at the time of sentencing.

show the district court excusable neglect. Just from the documents we filed here, I think it was clear that he knew what he was up to, because he was talking about 2255, two to three months after he was in the Atlanta Penitentiary.

For the reason which must be obvious the government's argument is singularly unpersuasive. The record wholly fails to support the waiver theory. The appellant, who was not advised by either the court or his attorney and who was removed to the federal penitentiary during the 10 day period allowed for filing notice, began writing his trial counsel and the trial court soon after his arrival at the prison. His efforts do not suggest a waiver of any rights of which he might have been fully aware. The district court, in finding that counsel did not deprive appellant of his right to appeal, emphasized Davis' previous criminal experience and appears to find a waiver of rights:

> [A]s this Court fully knows on its own, petitioner at the time of his conviction had considerable personal experience and knowledge of the criminal law field. He was well aware of his right to appeal (indeed this is evidenced by his testimony that he requested counsel to appeal) and yet while writing the Clerk for copies of various papers and the trial transcript, he made no mention of his desire to appeal his conviction nor did he inform the Court of his attorney's withdrawal and request appointment of other counsel.

These findings fall short of reflecting an intelligent and intentional relinquishment of a known right. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

■■ In view of the evident misunderstandings of the appellate technicalities involved, we are reluctant to ascribe to the unadvised appellant knowledge of appeal procedures and the knowing circumvention thereof. This case demonstrates the fallacy of relying upon a de-fendant's supposed knowledge for finding a waiver. The previous criminal experience of a defendant is not a factual springboard from which courts may perfunctorily catapult to the conclusion that the defendant possesses the requisite knowledge to prosecute his appeal within the narrow confines of the federal rules. The mere failure of such defendant to assert effectively his rights does not justify a finding of a knowing and intelligent waiver.

Thus we conclude that appellant was never advised of his rights and did not waive his right to an appeal or to the assistance of counsel.

### III

### A GAP IS CREATED

■ As noted, at the sentencing the trial judge did not advise the defendant concerning his appellate rights. After sentencing, appointed counsel abandoned the case, without apprising the defendant of the procedure for perfecting an appeal. Following his conviction the indigent defendant was left alone, uninformed, unadvised, and unrepresented. His right to an appeal was lost. The rules and practices of the federal criminal process had coalesced to create a gap in the system's protection of an indigent defendant's valid rights.

The defendant in a federal criminal case may appeal his conviction as of right. Also on appeal an indigent defendant has the right to appointed counsel. Coppedge v. United States, 369 U. S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Smith v. Crouse, 378 U.S. 584, 84 S.Ct. 1929, 12 L.Ed.2d 1039 (1964). Under the facts of this case, we are compelled to the conclusion that the federal system itself effectively deprived appellant of his right to an appeal and of his right to have the assistance of counsel.

Accordingly, the sentence imposed by the district court is vacated and the action is remanded for resentencing in keeping with the principles indicated

herein as to legal representation and appropriate advice as to appellate rights. While the amended rules herein mentioned are not retroactive the concepts of due process and equal protection are adequate to fill the gap that previously existed.