Howard Smith BENNETT, Plaintiff and Appellant,

v.

Samuel SMITH, Warden, Utah State Prison, Defendant and Respondent.

No. 14229.

Supreme Court of Utah.

March 17, 1976.

Howard Smith Bennett, pro se.

Vernon B. Romney, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for defendant-respondent.

PER CURIAM:

Howard Smith Bennett appeals from denial of his petition for writ of habeas corpus by which he sought a belated second go-round attack upon his conviction of murder in the second degree. For a statement of the facts and a review of all properly claimed errors see the prior decision.[1] One year and a half later he filed in Third District Court his petition for a writ of habeas corpus seeking to have his conviction declared void and that he be released from prison. The court denied the petition and he appeals.

■ This court has stated in numerous cases such as the instant one the basic and necessary rule: that after one has been convicted of crime and has had all his claims of error reviewed on appeal, and his conviction affirmed, that should put the judgment at rest. He should not be permitted at a later time to use habeas corpus to again attack his conviction on matters which were either dealt with or could have been dealt with at the time for appeal.[2]

■ Petitioner complains that he was not afforded a formal hearing in open court. This is a civil proceeding in which there is no requirement that a party be present. What he is entitled to is a correct and just determination of his case. When the files and records of the case show clearly that he was not entitled to relief, no such hearing is required.[3]

We are in accord with the view of the trial court that other points argued by the petitioner are so lacking in merit that they do not justify discussion herein.

Affirmed. No costs awarded.

1. State v. Bennett, 30 Utah 2d 343, 517 P.2d 1029.

2. See e. g. Ainslie v. Smith, 531 P.2d 864 (Utah 1975); George v. Turner, 30 Utah 2d 279, 516 P.2d 1397; Zumbrunnen v. Turner, 27 Utah 2d 428, 497 P.2d 34; Brown v. Turner, 21 Utah 2d 96, 440 P.2d 968.

3. See Hodges v. United States, 368 U.S. 139, 82 S.Ct. 235, 7 L.Ed.2d 184; Kukes v. Rhay, 4 Wash.App. 97, 479 P.2d 156.