UNITED STATES of America, Appellee,

v.

Norman John NORTON, Appellant.

No. 81–1449.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 31, 1981.

Decided Sept. 2, 1981.

John M. Lee, U. S. Atty., Sheryl Ramstad Hvass, Asst. U. S. Atty., District of Minnesota, Minneapolis, Minn., for appellee.

Daniel M. Scott, Federal Public Defender, District of Minnesota, Minneapolis, Minn., for appellant.

Before GIBSON, Senior Circuit Judge, ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

Norman J. Norton was indicted on charges of being a felon in possession of a firearm in violation of 18 U.S.C.App. § 1202(a)(1) (Count I) and of violating 26 U.S.C. §§ 5861(d) and 5871 by possessing an unregistered sawed-off shotgun (Count II). Count I was tried to the court. Count II

was tried to a jury. Norton was convicted on both counts and received concurrent sentences of two years imprisonment on Count I and five years on Count II. The conviction under Count II was vacated on appeal, *United States v. Norton,* 639 F.2d 427 (8th Cir. 1981). On remand Norton pled guilty to Count II pursuant to a plea agreement.[1] At sentencing the court specifically noted that the agreement was that in return for his guilty plea Norton would receive a sentence of no more than three years imprisonment. The plea agreement was silent on whether that sentence was to run consecutively or concurrently.[2] The court sentenced Norton to two years imprisonment to run consecutively to the sentence on the conviction under Count I from which he appeals.

The first issue raised by Norton on appeal is that the imposition of a consecutive sentence on remand, rather than a concurrent one, violates his right to due process. In *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) the Supreme Court found that in some cases the imposition of a more severe sentence on reconviction following a successful appeal could violate due process. *Id.* at 723–24, 89 S.Ct. at 2079–80. The Court made it clear that there is no absolute constitutional bar to the imposition of a more severe sentence upon retrial. It also made it equally clear that retaliation, vindictiveness, or any purpose which could impede the exercise of the defendant's right to appeal was an impermissible reason for doing so. *Id.* at 725, 89 S.Ct. at 2080. But in this case it is difficult to see how the due process question arises at all since even though the sentence on reconviction is consecutive, the total time to be served by Norton is less than that required under the original concurrent sentence.[3]

---

1. He does not contend on appeal that the government did not adhere to the plea agreement.

2. Norton's attorney stated for the record that he had advised his client that, in his opinion, the court did not have the authority to impose a consecutive sentence rather than a concurrent one.

3. Nor did the sentencing judge set any minimum term to be served by defendant prior to becoming eligible for parole pursuant to 18 U.S.C. § 4205(b)(1). *See United States v. Gilliss,* 645 F.2d 1269 (8th Cir. 1981).

Furthermore, the sentencing judge stated his reason for the consecutive sentence, namely, to provide for some additional parole time at the expiration of Norton's term under Count I. A review of the record reveals no basis for assuming that the sentence was the result of vindictiveness or retaliation on the part of the sentencing judge.

The second issue Norton raises on appeal is whether his conviction under 18 U.S.C.App. § 1202(a) and 26 U.S.C. § 5861(d) was for a single course of conduct and thus violates the double jeopardy clause. In *United States v. Wright*, 581 F.2d 704 (8th Cir. 1978), *cert. denied*, 439 U.S. 1117, 99 S.Ct. 1024, 59 L.Ed.2d 76 (1979) this court reiterated the rule articulated by the Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932): "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not." *Id.* at 705.

Title 18 U.S.C. App. § 1202(a)(1) requires essentially three elements: possession of a firearm by a convicted felon in or affecting commerce. Under 26 U.S.C. § 5861(d) possession of a firearm and a showing that the firearm is not registered are necessary. Each statute involved here requires an element not found in the other: section 1202(a)(1) requires that the individual charged be a convicted felon and section 5861(d) requires that the firearm in question be unregistered. Norton's argument is without merit as is his suggestion that the statutes are ambiguous.

The conviction is hereby affirmed.