UNITED STATES of America, Appellee,

v.

**John Bruce GANN, Appellant.**

**No. 86–2106.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 3, 1986.

Decided Dec. 15, 1986.

John Bruce Gann, pro se.

Linda Lipe Gleghorn, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before HEANEY, WOLLMAN, and MAGILL, Circuit Judges.

PER CURIAM.

John Bruce Gann appeals pro se from the district court's[1] denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. For reversal, he argues that (1) he is entitled to an evidentiary hearing in this matter; (2) he has been subjected to double jeopardy; and (3) his convictions do not support consecutive sentences. We affirm.

## I. BACKGROUND

Gann plead guilty to and was given consecutive sentences of two years on count I, one year on count II, and one year on count III. The convictions concerned the following violations: Count I—18 U.S.C.App. § 1202(a)(1) (1982) (felon in possession of a firearm); Count II—26 U.S.C. § 5861(c) (1982) (possession of a firearm illegally made) and 26 U.S.C. § 5871 (1982) (penalties); and Count III—26 U.S.C. § 5861(h) (1982) (possession of a firearm with serial number removed) and 26 U.S.C. § 5871 (1982) (penalties).

All three convictions arose from one instance of possession of a single firearm. After reviewing the record, the district court denied Gann's § 2255 motion without a hearing.

**1.** The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

## II. DISCUSSION

### A. Evidentiary Hearing

Gann asserts that he should have been granted an evidentiary hearing. Generally, if factual issues are in dispute, an evidentiary hearing should be granted. *United States v. Johnson*, 751 F.2d 291, 294 (8th Cir.1984), *cert. denied*, 471 U.S. 1126, 105 S.Ct. 2659, 86 L.Ed.2d 275 (1985). Gann alleges no factual dispute, however, and no hearing is required if the record clearly shows that the petitioner is not entitled to relief. *Hodges v. United States*, 368 U.S. 139, 140, 82 S.Ct. 235, 236, 7 L.Ed.2d 184 (1961) (per curiam); *Johnson*, 751 F.2d at 294. Because we conclude that the record clearly shows that Gann is not entitled to relief, the trial court did not err in denying the § 2255 motion without a hearing.

### B. Double Jeopardy

Gann's double jeopardy claim is without merit. A single transaction can give rise to distinct offenses without violating the double jeopardy clause. *Albernaz v. United States*, 450 U.S. 333, 344 n. 3, 101 S.Ct. 1137, 1145 n. 3, 67 L.Ed.2d 275 (1981). The test is whether each offense requires proof of an additional fact. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *Accord United States v. Norton*, 657 F.2d 1003, 1005 (8th Cir. 1981) (per curiam). It is readily apparent that each of Gann's convictions required proof of an additional fact. For conviction under 18 U.S.C.App. § 1202(a)(1), Gann must have been a convicted felon. For conviction under 26 U.S.C. § 5861(c), Gann must have possessed a firearm upon which a making tax had not been paid. For conviction under 26 U.S.C. § 5861(h), Gann must have possessed a firearm with its serial number removed.

### C. Consecutive Sentencing

Title 26 U.S.C. § 5871 permits a maximum sentence of ten years for viola-

tion of 26 U.S.C. § 5861. "[A] defendant may be *convicted* of multiple counts under section 5861, but may not receive a total *sentence* exceeding ten years for one course of conduct violating that section." *United States v. Nichols,* 731 F.2d 545, 547 (8th Cir.), *cert. denied,* 469 U.S. 1085, 105 S.Ct. 589, 83 L.Ed.2d 699 (1984) (citing *United States v. Ackerson,* 502 F.2d 300 (8th Cir.1974)) (emphasis in original).

The conviction and consecutive sentence under 18 U.S.C.App. § 1202(a)(1) are similarly permissible. Although Gann received the maximum sentence permissible under that statute, his aggregate sentence of four years was well within the ten-year maximum allowable sentence under 26 U.S.C. § 5871 and did not include the permissible $10,000 fine. In *Norton,* this court upheld consecutive sentences of two years for violation of § 1202(a)(1) and two years for violation of §§ 5861(d) and 5871. *Norton,* 657 F.2d at 1004–05.

The district court's order is affirmed.